liPER CURIAM.
The plaintiff, Elaine Laeava, was employed by defendant, Albano Cleaners, to sort clothes and operate its dry-cleaning machines and its clothes washers and dryers. On Saturday, October 19, 1991, she was assigned additional tasks which included cleaning the dry-cleaning machinery and scraping stickers off of the floor. Plaintiff testified that these duties were strenuous and required bending, twisting, and squatting. While performing these tasks, plaintiff began experiencing back pain and shooting pains down her legs which were later diagnosed as being the result of lumbar muscular strain. Plaintiff reported her injury to her supervisor |2who reported the injury to Albano’s worker’s compensation insurer, Wausau Insurance Company. The insurer denied plaintiff’s claim on the basis that plaintiff was not injured by an “accident” within the definition of LSA-R.S. 23:1021(1).
After plaintiff filed a claim with the Office of Worker’s Compensation, the hearing officer awarded plaintiff weekly compensation benefits of $144.09, medical expenses, and penalties and attorney’s fees in the amount of $3,500. The court of appeal reversed that portion of the judgment which awarded penalties and attorney’s fees. Citing to Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989), the court of appeal held that “an employer or insurer should not be penalized for seeking judicial resolution of the meaning of amendments to the statutory definition of an ‘accident’, when that issue was not conclusively resolved by the jurisprudence at the time that the claim was denied”.
In Williams, this Court held the employer’s decision to contest coverage was not unreasonable “because [the] case involved an unusual coverage issue not conclusively resolved by the jurisprudence at the time that the claim was made.” Id., 546 So.2d at 161-162. However, Williams is fact specific and concerns the issue of whether mental injury *991 (post traumatic stress . syndrome) 13unaccompanied by trauma and caused by an arrest is compensable under the worker’s compensation statute.
LSA-R.S. 23:1021(1) defines “accident” as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” Although it was difficult to pinpoint at which point during the day the injury occurred, the hearing officer concluded plaintiffs injury was caused by her strenuous activity on October 19, 1991. This determination was based on the plaintiffs testimony as well that of her orthopedic surgeon. Because of this fact, the hearing officer concluded that this “activity” constituted an “accident”.
LSA-R.S. 23:1201.2 provides for the award of attorney’s fees and penalties against an insurer who arbitrarily, capriciously, or without probable cause refuses to pay worker’s compensation benefits. Here, it was reasonable to conclude that an “accident” occurred. The injury sustained was not the result of a gradual deterioration or progressive degeneration; rather it was the result of plaintiffs performing a strenuous activity on a single day. Moreover, this Court has held that an “unjustified belief that an employee’s injury did not Uresult from an accident does not excuse failure to pay worker’s compensation benefits.” Nelson v. Roadway Exp., Inc., 588 So.2d 350, 355 (La.1991). The hearing officer correctly held Wausau’s refusal to pay benefits was arbitrary and capricious; thus, plaintiff is entitled to an award of penalties and attorney’s fees.
A court of appeal may not set aside a finding of fact in the absence of manifest error. Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993). The hearing officer had a reasonable basis for concluding Wausau did not completely and properly investigate plaintiffs claim in order to determine if an “accident” occurred. Consequently, the hearing officer’s determination to award penalties and attorney’s fees was not manifestly erroneous.
Accordingly, the award of penalties and attorney’s fees to plaintiff is reinstated. The judgment of the court of appeal is otherwise affirmed.
AWARD OF PENALTIES AND ATTORNEYS FEES REINSTATED. OTHERWISE, AFFIRMED.
DENNIS, J., not on panel.
VICTORY, J., would deny the writ.
LEMMON, J., votes to grant the application and docket for argument.