bEDWARDS, Judge.
Mrs. Sharon Armond, claimant/appellant, appeals a judgment by the Worker’s Compensation Court that she is not eligible for benefits under La. R.S. 23:1031 et seq. For the following reasons we affirm.
On May 12, 1995, the claimant, a cook, slipped and fell while in the course and scope of her employment with Starcastle Dinner Theater. She injured her right wrist, arm, and shoulder, as well as her head and neck. Her employer paid compensation benefits until June 20, 1996, at which time benefits were terminated. Mrs Armond filed a disputed claim for compensation for those injuries, averring that her problems continue, that she is still unable to work and is still in need of medical benefits.
Trial on the matter was held, following which the court granted judgment in favor of the employer and dismissing claimant’s case. The trial court found that the vast weight of the evidence proved that Mrs. Armand was appropriately breleased to work in August of 1995, and that no benefits were due after that date. Mrs. Armond has appealed, and is representing herself in the appeal to this court. '
Following submission of claimant’s “brief’ defendant filed a motion to dismiss the appeal or in the alternative, to strike appellant’s brief. The document submitted by appellant fails to conform to the Rule 2-12.4 of the Uniform Rules of the Courts of Appeal. This court elected to order Mrs. Ar-mond to file a supplemental brief, with which order appellant did not comply. Rule 1-3 limits the scope of review of the Com-ts of Appeal to “issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” Upon serious consideration, we have determined that appellant’s “brief’ contains an argument that sufficiently outlines an issue, and in the interests of justice we consider the matter for review.
Briefly, Mrs. Armond testified that on the day of the accident, May 12, 1995, she fell as she was putting food in the freezer, hitting the palm of her hand first; then she hit her head, knee and hip. After treatment in the emergency room, she consulted Dr. Russo who took x-rays and gave her medication for pain and inflammation. In July, Dr. Russo released her to light work and told her to take a Functional Capacity Test. Instead, at that time she saw Dr. Kenneth Vogel, a neurosurgeon, in September of 1995. Dr. Vogel gave her more medication, and ordered physical therapy. She last saw him in May of 1996, because there was nothing more he could do without further testing (which was not authorized). Her back pain was her chief problem. When she saw Dr. Robert Applebaum, her chief problems were spasms in her back and- leg pain. She is currently treated by Dr. Collins, a chiropractor. At the time of the trial, bshe was unable to' stand for long periods of time, to cook or to clean her house; sometimes she has to have her son help her get out of bed. She used to play baseball and football with her son, and take long walks, which she cannot do anymore. She testified that she cooperated fully in the Functional Capacity Evaluation (FCE). She did not return to work at Starcastle when released by Dr. Russo because the theater had closed down.
Brenda Masset, claimant’s sister, and Phillip Armond, claimant’s son, testified to the same general effect.
Dr. Lawrence Russo, an orthopedist, examined claimant in May of 1995, shortly after the accident. An examination revealed multiple contusions and sprains, and strain of her lumbar and thoracic spine. There was moderate restriction on her range of motion. *473 Her wrist was placed in a splint and she was told not to work at that time. Through July 24 of 1995, Mrs. Armand treated by Dr. Russo, and was kept off work; the diagnosis of lumbar sprain and wrist sprain was maintained. An MRI taken in July was normal. On July 20, Dr. Russo found nothing objectively wrong with the claimant, and opined that she could return to light duty work, if she carried no more than 25 pounds occasionally. In August, Dr. Russo recommended a functional capacity evaluation. He again saw claimant in November and December of 1997. After reviewing the medical records and FCE, Dr. Russo found nothing to indicate that she had anything treatable from an orthopedic standpoint; he found no muscle spasm and no need for formal medical care. He found that she had reached maximum medical improvement “quite some time ago.”
Dr. Kenneth Vogel, a neurosurgeon, first examined Mrs. Armand in September of 1995. Dr. Vogel found objective symptoms, including severe_Jmuscle spasms. He felt that the claimant suffered from intractable lumbosacral pain of undetermined origin, but felt that in all probability her symptoms were related to the work accident. A lumbar facet arthrogram and block were recommended at that time to resolve pain. Subsequent reevaluations reiterated the diagnosis and recommendations. No further treatment was had since the recommended testing had not been authorized.
The report of claimant’s treating chiropractor, Dr. Celine Collins, stated that Mrs. Armand suffered from cervical injuries (hy-perflexion, hypolordosis, and cerviealgia); shoulder strain; lumbar strain resulting in lumbar facet syndrome, lumbalgia and leg pain; and knee strain. Weakness in the muscle and supportive tissue caused by the injury may predispose claimant to further problems from aggravation or trauma. The condition was chronic and the prognosis for full recovery was poor. In Dr. Collins’ opinion, the injuries were sustained in the work-related accident.
An independent medical examination was performed by Dr. John Schumacher, a neurosurgeon. Dr. Schumacher found no objective evidence to support claimant’s complaints and no abnormality which would prevent her return to work. He assigned no limitations and no physical impairment ratings.
Dr. Robert Applebaum, a neurologist, also examined Mrs. Armand in February of 1996 for the employer. An x-ray of the lumbar spine series showed findings consistent with early degenerative disc disease at the L5-S1 level. The test was otherwise negative. Dr. Applebaum opined that the claimant did not have disease or damage involving her spinal cord, and that her low back pain was of undetermined etiology. From a neurological standpoint she had reached maximum medical improvement and could return to any occupation for which she fcis qualified. Should back pain persist, Dr. Applebaum felt that a follow-up orthopedic evaluation may be indicated.
The FCE revealed that claimant put forth submaximal effort and exhibited many signs of symptom exaggeration and inappropriate illness behaviors. It was estimated that claimant could work at the light-medium level. Her tight musculature resulting in some pain could be improved by exercise and weight loss.
We discern from appellant’s brief an argument that she is unable to work due to continuing substantial pain.
The question of disability is a question of fact. An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Ball v. Dawsey Corp., 95-669 (La.App. 5th Cir.11/28/95), 665 So.2d 566. The issue of disability is determined by the totality of the evidence, including both lay and medical testimony. Baldwin v. Greater Lakeside Corp., 93-768 (La.App. 5th Cir. 1/25/94), 631 So.2d 1238; Martin v. Elmwood Medical Center, 95-415 (La.App. 5th Cir. 11/15/95), 665 So.2d 470. Whether a claimant experiences pain while working, and the extent thereof, are factual questions. Perrilloux v. Godchaux-Henderson Sugar Co., 436 So.2d 1325 (La. App. 5th Cir.1983); Pierce v. Louisiana Maintenance Service, Inc., 95-747 (La.App. 5th Cir.1/30/96), 668 So.2d 1232.
*474 This court must give the hearing officer’s factual findings concerning the claimant’s work-related disability great weight on appellate review. They should not be disturbed where, as here, there is evidence which forms a reasonable basis for the finding. Baldwin, supra; Martin v. Elmwood Medical Center, supra. Where the testimony of expert witnesses differ, it is the responsibility of the trier frof fact to determine which evidence is the most credible. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990); Pereira v. Louisiana Coca-Cola Bottling Co., 620 So.2d 315 (La. App. 4th Cir.1993). Additionally, where a factfinder’s holding is based on its decision to credit the testimony of one or more witnesses, the finding can virtually never be manifestly erroneous or clearly wrong. Pereira, supra; Fontenette v. McDermott, Inc., 95 0190 (La.App. 1st Cir. 10/6/95), 694 So.2d 266.
In the present case the trial court gave greater weight to the medical evidence of Drs. Russo, Applebaum and Schumacher, than she did to Drs. Vogel and Collins. The hearing officer also gave little weight to the testimony of claimant and her witnesses. Bound by the strictures of the above jurisprudence, and based on the record before us, we cannot say she was clearly wrong or manifestly erroneous in either her credibility finding or her choice to weigh the testimony of expert witnesses.
Mrs. Armond’s complaints of pain do not support a disability finding in this ease. The burden of proof of disability while working in substantial pain is that of “clear and convincing evidence” under La. R.S.23:1221(1).
A claimant may prove an inability to engage in gainful employment due to substantial pain. Roberts v. BE & K Construction Co., 27,116 (La.App. 2nd Cir. 6/28/95); 658 So.2d 314. The presence of pain without proof that this pain is substantial enough to make the pursuit of gainful employment an impossibility is inadequate under La.R.S. 23:1221(1). Schexnyder v. PMB Operators, 93-1178 (La.App. 3rd Cir. 5/4/94); 636 So.2d 1146, writ denied, 94-1945 (La.11/4/94); 644 So.2d 1059. Whether the claimant’s pain is substantial enough is a question of fact to be determined by the totality of circumstances Roberts, 658 So.2d 314....To meet his burden of proving entitlement to TTD benefits by clear and convincing evidence, a claimant must provide objective medical evidence of the disabling injury. Fritz v. Home Furniture-Lafayette, 95-1705 (La.App. 3rd Cir. 7/24/96); 677 So.2d 1132; see also Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3rd Cir. 5/31/95); 657 So.2d 449.
Aymond v. R.J. Jones & Sons, 96-443 (La. App. 3rd Cir. 11/20/96), 690 So.2d 769.
Here Mrs. Armond may have proven that she has pain. However, her testimony, when considered in light of the objective medical evidence, does not constitute the requisite “clear and convincing evidence” that this pain is substantial enough to make the pursuit of gainful employment an impossibility. Therefore, having failed to meet her burden of proof, her claim must be denied, and the trial court did not err in doing so.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.