527 So.2d 319 (1988)
Caleb DIDRIKSEN and Andre Stern
v.
The SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. CA-8411.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1988.
Rehearing Denied July 19, 1988.
*320 Harold D. Marchand, Sewerage and Water Bd. of New Orleans, New Orleans, for appellant.
Caleb H. Didriksen, Monroe & Lemann, New Orleans, for appellees.
Before GULOTTA, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
This is an appeal from the granting of a motion for summary judgment. We affirm.
In August, 1985 appellees Caleb Didriksen and Andre Stern requested a hearing before the Sewerage and Water Board (S & WB) to dispute the amount billed for water service to their rental property located at 1016 and 1018 Washington Avenue. At this April 11, 1986 hearing, the S & WB determined that the amount of the account was accurate and that no adjustment was warranted. A week earlier appellees had filed the underlying lawsuit for declaratory judgment. In their petition, appellees requested that the court declare that their account with S & WB had been paid in full for all services rendered through February 18, 1986, by S & WB's acceptance and negotiation of a check from appellees which contained the following restrictive endorsement: "In full and final payment of all disputed amounts on account No. XXXX-XXXXXX for all services through February 18, 1986".
In January, 1987 appellees filed a motion for summary judgment in the declaratory judgment action. Among the evidence considered by the trial court were copies of nine checks which had been submitted to and negotiated by S & WB over a ten month period. Each of these checks contained a restrictive endorsement which was essentially the same as the one described above.
After the hearing on the motion for summary judgment, the trial court ruled in favor of the appellees declaring their account with S & WB paid in full through November 14, 1986. S & WB appeals this judgment.

ASSIGNMENTS OF ERROR
By its first assignment of error, S & WB contends that the trial court erred in concluding that appellees' partial payments made by checks with restrictive endorsements constituted an accord and satisfaction upon S & WB's negotiation of these checks. We disagree. For accord and satisfaction *321 to occur, a debtor must offer payment to a creditor in full satisfaction of a disputed claim, and the creditor must in turn accept this offer. Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La.App. 4th Cir.1978). Acceptance of this offer must be by informed consent. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir.1975). See also RTL Corp. v. Manufacturer's Enterprises, Inc., 429 So.2d 855 (La.1983).
In the present case, appellees disputed the amount claimed due on their account with S & WB in August 1985 and subsequently tendered to S & WB a series of checks which contained restrictive endorsements. The check dated December 16, 1986, which served as the basis for the trial court's ruling, has the handwritten restrictive endorsement: "paid in full for all disputed amounts on account No. XXXXXXXXXX and in full settlement, accord and satisfaction of suit No. 86-6048 CDC, Section "K", for all services through November 14, 1986" on the front and back. Below the restrictive endorsement language on the back of this check are the initials "M.D.F." and below that "SEWERAGE AND WATER BOARD OF NEW ORLEANS FOR DEPOSIT" is printed. The resolution of this case, however, turns not on the existence of the endorsement, but on whether the circumstances surrounding S & WB's negotiation of this check establish that it knew or should have known of the conditions of the compromise when it accepted tender of partial payment in satisfaction of the disputed amount.
In our opinion, the restrictive endorsement language placed on both sides of the check of December 16, 1986, is so explicit that it cannot reasonably be argued that S & WB was not informed of the nature and conditions of the compromise offer. This conclusion is supported by the case Charles X. Miller v. Oak Builders, Inc., supra. There we stated that a check with a restrictive endorsement deposited in the ordinary course of business can serve as a basis for accord and satisfaction if the creditor should have reasonably become aware of the restriction and the offer of compromise is explicit. Id. at 452, 453.
In the present case the restrictive endorsement could not have been more explicit in setting forth the terms of the offered compromise. It expressly stated that the check was tendered in full payment for all disputed amounts on the appellees' account with S & WB as well as in full settlement of the suit which was pending between S & WB and appellees. Moreover, it is an undisputed fact that the December 16, 1986 check was the ninth check which was restrictively endorsed by appellees and negotiated by S & WB. In our opinion, this course of conduct raises the clear implication that S & WB was aware of the compromise offer and consented to its terms. The fact that an internal hearing had been conducted and a law suit had been filed over this dispute reinforces our belief that the S & WB knew or should have known of the compromise offer. In the absence of evidence to rebut this implication, we cannot say that the trial court erred by granting summary judgment.
Notwithstanding the explicit terms of the restrictive endorsement, S & WB argues that it was not fully informed of the offer of compromise because the clerk who endorsed the check in the present case had "... no legal experience and was totally unaware of the legal meaning of the restrictive endorsement on the check". We find no merit to this argument.
To begin with, SWB offered no competent evidence in opposition to appellees' motion for summary judgment which alleged valid acceptance of the compromise by SWB. Under C.C.P. Art. 967, when a motion for summary judgment is supported *322 by affidavits, attached exhibits and other competent evidence, the burden of proof shifts to the opponent who may not simply rest on the allegations or denials contained in his pleadings, but must respond by affidavit or otherwise, and set forth specific facts showing that a genuine issue remains for trial. Meyers v. Gulf Insurance, Co., 413 So.2d 538 (La.App. 4th Cir.1982). By failing to submit evidence showing that the clerk who processed appellees' check had no authority to accept the compromise SWB in essence allowed the trial judge to accept the assertion that clerk's negotiation of the check constituted a valid acceptance of the offer.
Moreover, the restrictive endorsement at issue is very clear. It is placed prominently on the front and back of the check and is very legibly written. In our opinion a clerk who is entrusted with the responsibility of negotiating account checks should have sufficient training to recognize a restrictive endorsement. Even if the account clerk did not possess the requisite training to identify the restrictive endorsement, the extensive modifications to the check should have at least prompted the clerk to consult another employee more qualified to explain the meaning of the writing. Furthermore, we find that the appellees should not be made to suffer the consequences of purported errors made by S & WB's clerical staff. In the present case S & WB negotiated the check, made use of the funds, and then renounced the condition upon which the funds were tendered. Without appellees' express or tacit consent to this renouncement, we cannot allow S & WB "to have its cake and eat it too". See, RTL Corp., 429 So.2d at 855, 857.
For the above reasons, we conclude that by negotiating the appellees' restrictively endorsed checks, S & WB accepted the compromise with informed consent.
By its second assignment of error, S & WB asserts that the trial court erred in granting summary judgment because there existed a genuine issue of material fact. We disagree. C.C.P. Art. 966 provides that summary judgment "... shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as matter of law". In the instant case, the trial court had before it a copy of the check dated December 16, 1986 which contained the restrictive endorsement described above. It is an undisputed fact that this check, as well as the eight others preceding it, were endorsed and negotiated by S & WB. For reasons assigned above we concluded that the negotiation of this check constituted acceptance by informed consent of all disputed claims on appellees account with S & WB through November 14, 1986. Accordingly, there exists no genuine issue of material fact relative to appellees payment of their account through that date. Appellees were entitled to summary judgment as a matter of law.
Judgment of the trial court is affirmed. Costs of this appeal are assessed to S & WB.
AFFIRMED.
CIACCIO, J., dissents.