594 So.2d 1085 (1992)
ANESTHESIA EAST, INC.
v.
John A. BARES, Jr. and Charlotte R. Bares.
No. 91-CA-0839.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
*1086 Joseph C. Bartels, Mark D. Kuss, New Orleans, for plaintiff.
John D. Wogan, Monroe & Lemann, New Orleans, for defendants.
Before LOBRANO and ARMSTRONG, JJ., and BRYAN, J. Pro Tem.
ARMSTRONG, Judge.
In this appeal, plaintiff creditor claims the trial court erred by finding a check tendered in full payment by defendant debtors constituted an accord and satisfaction and, therefore, extinguished their obligation. Plaintiff asserts its deletion of the restrictive language on the check was a counteroffer which was tacitly accepted by defendants. We disagree and affirm.
Plaintiff, Anesthesia East, Inc., filed suit on an open account against John A. Bares, Jr. and Catherine H. Bares[1] for medical services rendered on behalf of decedent John A. Bares, Sr. As John Sr.'s succession recognized John Jr. as an heir and Catherine as wife-in-community, plaintiff's petition claimed defendants were solidarily liable for the sum of $710.37 together with interest and attorney's fees, the amount outstanding on John Sr.'s account. Defendants answered claiming the obligation was extinguished by compromise and accord and satisfaction.
In its reasons for judgment dated March 12, 1991, the trial court, First City Court of New Orleans, Section C, found John Jr. tendered a check on November 8, 1988, in the amount of $288, which contained the notation "Final Payment Acct. 1883." An accompanying letter declared the check was final payment of John Sr.'s account (charges totalling $1,975, with a remaining balance of $998.37) and stated, "[i]f you cash the check, I will assume you have accepted the offer." The trial court also found John Jr. subsequently issued another check to plaintiff, dated February 17, 1989, payable for the same amount and containing an identical notation. This second check was accompanied by a letter explaining that the account for the original check had been closed and the instant check replaced the original check and was subject to the same conditions. The court further found plaintiff scratched out the notation on the second check (the portion stating "Final Payment") and negotiated it.
*1087 Thereafter, the court considered the parties' construction of their actions. Defendants asserted that plaintiff's action caused its claim to be extinguished by accord and satisfaction. Conversely, plaintiff claimed that, by scratching out the notation, it made a counteroffer which defendants tacitly accepted by failing to stop payment on or dishonor the check.
After reviewing the language in John Jr.'s letter which indicated that if plaintiff cashed the check he would assume it had been accepted as full payment of the account, the court found the plaintiff's negotiation of the altered check without first obtaining defendants' consent, did not constitute a valid counteroffer and/or acceptance. Therefore, the trial court held the obligation was extinguished by accord and satisfaction, dismissed the suit and ordered plaintiff to bear all costs.[2]
From this adverse judgment, plaintiff appeals claiming the trial court erred by not finding its deletion of the check's restrictive language constituted a counteroffer pursuant to LSA-C.C. art. 1942, 1943.[3]
Article 3071 of the Civil Code provides that, for the purpose of preventing or putting an end to a lawsuit, two or more persons may enter an agreement of transaction or compromise to adjust their differences by mutual consent. RTL Corp. v. Manufacturer's Enterprises, Inc., 429 So.2d 855 (La.1983). This precept is employed when a debtor tenders a check as full payment of an obligation due his creditor, the amount of which is disputed by the parties. Id.
The offer of transaction or compromise by the debtor confers on the creditor a specific right to consent to full satisfaction of the debt by accepting the check, or to retain his rights under the prior agreement by rejecting the check. Id. However, without the debtor's express or tacit consent, the creditor cannot negotiate the check and then renounce the condition upon which the debtor made the offer. Id.; Didriksen v. Sewerage and Water Bd., 527 So.2d 319 (La.App. 4th Cir.1988), writ den., 532 So.2d 770 (La.1988); Eppling v. Jon-T Chemicals, Inc., 363 So.2d 1263 (La.App. 4th Cir.1978). For when the creditor's (offeree's) silence leads the debtor (offeror) reasonably to believe that contract has been formed, the offer is deemed accepted. LSA-C.C. art. 1942. See also LSA-C.C. art. 1927.
The doctrine of accord and satisfaction, therefore, is a defense which estops the creditor from suing on the compromised debt. The defense is accomplished by proving 1) an unliquidated or disputed claim between the debtor (maker) and the creditor (payee), 2) the debtor tendered a check for less than the sum claimed by the creditor and 3) the creditor accepted the tender by negotiating the check. Eppling v. Jon-T Chemicals, Inc., supra; Pieri v. DiMaggio, 331 So.2d 59 (La.App. 4th Cir. 1976); Charles X. Miller v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir.1975); American Bank & Trust Co. v. Hannie, 568 So.2d 216 (La.App. 3d Cir.1990), writ den., 572 So.2d 64 (La.1991).
At the December 10, 1989 trial, defendants sustained their burden of proving the elements of the defense of accord and satisfaction. Trial evidence established the existence of a disputed claim between the parties. Plaintiff sought to collect $998.37, but the maximum defendants were willing to pay was $288. The evidence also established that defendants tendered to plaintiff a check payable in the amount of $288, the lesser of the two sums. The check contained the restrictive notation "Final Payment *1088 Acct. 1883." No contrary evidence[4] revealed that defendants withdrew this condition of compromise prior to plaintiff's negotiation of the check on May 9, 1989.
The check's restrictive language, when combined with the John Jr.'s letter(s), conveyed to reasonable persons that the tender of $288 was for the purpose of fully liquidating John Sr.'s account (No. 1883). Further, by holding the check for several months prior to cashing it and by altering its restrictive notation before negotiating it, plaintiff's actions convincingly demonstrate it was cognizant of the true nature of the tender. Cf. Eppling v. Jon-T Chemicals, Inc., supra.
Plaintiff misconstrues its action of deleting a portion of the restrictive notation as constituting a counteroffer. Its unilateral action, made without defendants' prior knowledge and/or consent, had no legal effect. Thus, plaintiff's negotiation of the check is deemed by law as an acceptance of the defendants' offer of accord and satisfaction. RTL Corp. v. Manufacturer's Enterprises, Inc., supra.; Didriksen v. Sewerage and Water Bd., supra.
For the foregoing reasons, we find that the plaintiff accepted defendants' offer of compromise with informed consent. The trial court did not err by finding defendants' tender constituted an accord and satisfaction. It, therefore, properly dismissed the suit. The trial court's judgment is amended, however, to replace the name of Charlotte R. Bares with the correct name of Catherine H. Bares. Plaintiff is to bear all costs.
AMENDED, AND AFFIRMED AS AMENDED.
NOTES
[1] Plaintiff's original petition was amended to replace the name of Charlotte R. Bares with the correct name of Catherine H. Bares.
[2] The trial court's judgment of March 12, 1990 erroneously stated that it was rendered in favor of Charlotte R. Bares, rather than Catherine H. Bares.
[3] These articles provide as follows:

Art. 1942. Acceptance by silence
When, because of special circumstances, the offeree's silence leads the offeror reasonably to believe that a contact has been formed, the offer is deemed accepted.
Art. 1943. Acceptance not in accord with offer
An acceptance not in accord with the terms of the offer is deemed to be a counteroffer.
[4] After John Jr. sent the check and letter on February 17, 1989, plaintiff replied by letter dated February 23, 1989. Plaintiff's letter concluded as follows: "It is now time you pay this account in full. If for any reason you decide not to pay this account please provide me with the name of the executor of your father's estate... so I may take the appropriate action to have this bill paid." John Jr. did not respond. Approximately 2½ months later, plaintiff negotiated the check.