615 So.2d 1107 (1993)
CREATIVE MARKETING SALES, INC., Plaintiff-Appellee,
v.
Jerry J. RAYBORN, Defendant-Appellant.
No. 92-CA-964.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Peter J. Butler, Peter J. Butler, Jr., Locke, Purnell, Rain, Harrell, New Orleans, for defendant-appellant.
Thomas E. Dunn, Dunn Law Firm, Metairie, for plaintiff-appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal concerns a dispute involving a contract for the performance of advertising services. We set aside and vacate.

ISSUE
The sole issue presented is whether the trial court erred in finding that the defendant's payment of a $3300.99 check with the notation, "Final Payment," did not amount to an accord and satisfaction, thereby extinguishing the debt.

FACTS
On June 19, 1990, the defendant, Mr. Jerry J. Rayborn, entered into a contract with the plaintiff, Creative Marketing Sales, Inc. (CMS). This contract specified that CMS would provide advertising services for Mr. Rayborn's business, Jolimar Summit Health Resort (Jolimar), located in Summit, Mississippi. To facilitate this contract, an open account was established for Jolimar by CMS.
Pursuant to the contract and in response to Jolimar's interest in having billboard advertising, CMS contracted with Headrick Outdoor, Inc. (Headrick) for the leasing of billboard space for a 12-month period in two locations, one north of Summit and one south of Summit. Sometime later, Mr. Rayborn expressed his dissatisfaction with one of the billboards which, he claimed, did not have adequate visibility. Apparently, an agreement was reached whereby Mr. Rayborn would pay for the acceptable billboard for the remaining term of the contract and thereby be relieved of payment due under the contract for the unacceptable billboard.
During the existence of Mr. Rayborn's relationship with CMS, Mr. Rayborn paid CMS with four checks. On the last check for the amount of $3300.99, dated April 2, 1991, Mr. Rayborn made a notation stating *1108 "Final Payment." No other payments were made. CMS, claiming that it was still owed $5242.03, filed the instant lawsuit. A trial on the merits was held on February 5, 1992, after which the trial court rendered judgment in favor of CMS in the amount of $5242.03, plus 20 percent attorney's fees. From this judgment, Mr. Rayborn now appeals.

ANALYSIS
We see that, although it did not issue formal Reasons for Judgment, the trial court's findings can be gleaned from the following statements which were made at the close of trial and are contained in the trial transcript:
THE COURT FURTHER FINDS THAT DEFENDANT HAS FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THIS ENTIRE MATTER WAS RESOLVED BECAUSE THE TESTIMONY OF MS. FLETCHER PLUS HER CORRESPONDENCE SUBSEQUENT TO THE, OR ABOUT THE DATE OF THE, AND BEFORE THE DATE OF THE ALLEGED PAYMENT, DO NOT INDICATE ANYTHING AT ALL THAT THE $3,309, I THINK THAT WAS THE RIGHT AMOUNT OF THE CHECK, WAS DUE FOR FULL AND FINAL PAYMENT OF ALL SERVICES AND AS A MATTER OF FACT SUBSEQUENT TO EVEN MENTIONING THAT YOU ARE OVERDUE ON THAT INVOICE, SHE SENT OTHER NOTICES THAT YOU OWE FOR FURTHER MONTHS RENT OF THE BILLBOARD. CONSEQUENTLY, THE COURT DOES NOT FIND THAT, EVEN THOUGH IT SAYS FINAL ACCOUNTING, IT COULD ONLY BE A FINAL ACCOUNTING FOR A TEMPORARY INVOICE THAT WAS DUE AND BRINGS THEM UP TO DATE AT THAT TIME. AND DEFENDANT HAS FAILED TO CARRY THEIR BURDEN OF PROOF TO SHOW THAT THAT AMOUNTS TO ACCORD AND SATISFACTION OR A PAYMENT OR A SETTLEMENT.
We disagree.
The doctrine of accord and satisfaction is not based on Louisiana statutory law; however, our jurisprudence clearly incorporates it as case law. An accord and satisfaction is an affirmative defense which is proven "when there is a disputed claim, a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check." Spalitta v. Hartford Fire Ins. Co., 428 So.2d 824, 826 (La.App. 5th Cir.1983). See also Anesthesia East, Inc. v. Bares, 594 So.2d 1085 (La.App. 4th Cir.1992). Thus, a debtor must offer payment to a creditor in full satisfaction of a disputed claim, and the creditor must in turn accept this offer. Didriksen v. Sewerage and Water Bd. of New Orleans, 527 So.2d 319 (La.App. 4th Cir.1988).
Additionally, our jurisprudence logically indicates that
when a debtor tenders a check as full payment of an obligation owed to his creditor, the amount of which is disputed[,]... [this] confers on the creditor a specific right to consent to full satisfaction of the debt by accepting the check, or to retain his rights ... by rejecting [it].

Anesthesia, supra, at 1087.
Here, Mr. Rayborn was sent a letter by CMS dated March 4, 1991 indicating that CMS was owed $3300.99. On March 12, 1991, CMS sent a further notice that, as of the close of the February billing, Mr. Rayborn owed $3537.99. Thereafter, Mr. Rayborn issued a check on April 2, 1991 in the amount of $3300.99, with a notation, "Final Payment," on its face. Thus, the sole issue before us is whether this check, which was deposited by CMS in its bank account, was tendered and accepted in full settlement of the claim.
At trial, Ms. Sena Fletcher, the vice president of CMS, testified that she received a check in April 1991 and that the check in no way paid for all of the services and charges that were owed at the time. Although the check was noted with "Final Payment," Ms. Fletcher did not think that Mr. Rayborn would not be billed further.
On the other hand, Mr. Rayborn testified that he did not want to pay on the account *1109 because he was not satisfied with one of the billboards. He stated that he repeatedly informed CMS that he did not want to pay for the inadequate sign. In fact, Ms. Fletcher admitted that she was aware that Mr. Rayborn was displeased with the billboard and that Mr. Rayborn became very upset and adamant about something being done as early as January 1991, some three months prior to receiving the check. It follows, therefore, that a dispute clearly existed at the time that the check was offered.
We further find that the remaining factors for an accord and satisfaction are also met. Mr. Rayborn tendered a check obviously for less than the amount owed, and CMS accepted the check by depositing it into its account. That the amount of the check matched an amount on a prior invoice does not obviate the fact that the notation, "Final Payment," indicated that the check was tendered as its last payment and, therefore, as full payment of the disputed amount. Under these circumstances, we find that Mr. Rayborn has, indeed, met his burden in proving all of the elements for an accord and satisfaction. Ergo, the trial court erred in concluding otherwise.
For the reasons assigned, the trial court's judgment is hereby set aside and vacated. All costs of this appeal are to be assessed against appellee.
SET ASIDE AND VACATED.