690 So.2d 243 (1997)
Elmo ORGERON, Jr.
v.
SECURITY INDUSTRIAL FUNERAL HOMES, INC., d/b/a F. Laudumiey & Company.
No. 96-CA-2127.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1997.
*244 Darleen M. Jacobs, Al Sarrat, Law Offices of Darleen M. Jacobs, New Orleans, for Plaintiff/Appellee.
Robert A. Contreras, Jeffrey A. Jones, Jr., DeMartini, LeBlanc, D'Aquila & Volk, Kenner, for Defendant/Appellant.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
In this appeal, we consider whether the trial judge erred in finding the appellant liable to return amounts paid in accordance with a judgment that was subsequently reversed on devolutive appeal. Finding it clear that there was no accord and satisfaction in this case, we affirm the trial judge's order that appellant return the $4,400.60 paid with legal interest from date of judicial demand.
On April 26, 1990, appellant Security Industrial Funeral Home Corporation filed suit against appellee Elmo Orgeron Jr. for the costs of the funeral of Samuel Wilds Bacot Jr. On December 19, 1990, the trial judge granted summary judgment against Mr. Orgeron. Mr. Orgeron appealed the judgment devolutively. In previous unpublished opinion, this Court reversed, finding that a genuine issue of fact existed as to whether Mr. Orgeron intended to be personally liable for the funeral costs or instead acted as a representative of the heirs of the estate, and the case was remanded for trial on the merits. Security Industrial Funeral Homes v. Orgeron, 91-0993 (La.App. 4th Cir. 4/14/92).
During the pendency of the appeal, Mr. Orgeron tendered to Security check #303 for $2000 dated October 4, 1991, and described on its face as "Payment on Bacot Funeral." By letter dated December 19, 1991, Security's counsel informed Mr. Orgeron's attorney that a judgment debtor rule had been continued to January 14, 1992. The devolutive appeal was also set to be heard in this Court on that date. The judgment debtor rule was dismissed but the appeal was heard.[1] On January 16, 1992, Mr. Orgeron tendered check # 1491 for $2,400.64 dated January 15, 1992, and described on its face as "Bal on Bacot Funeral." In an accompanying letter, Mr. Orgeron's counsel indicated that the two checks amounted to full and final satisfaction of the December 19, 1990 judgment, and he indicated his understanding that Security would cancel any encumbrances created by recordation of the judgment. An unsigned "satisfaction of judgment" form was enclosed with the letter.[2]
Following this Court's reversal of the grant of summary judgment, Mr. Orgeron's attorney by letter dated August 11, 1992, demanded that Security refund the money Mr. Orgeron had paid. Security declined. On May 28, 1996, the trial judge issued a judgment ordering Security to refund "the *245 full sum of $4,400.60 together with legal interest thereon from date of judicial demand until paid" and assessed costs against Security.[3] Security appeals suspensively.
In its first assignment of error, appellant Security contends that the trial judge erred in ruling without first hearing Security's evidence of the parties' intent regarding the payments. Because the trial judge permitted the parties to profer their evidence into the record, the error, if any, was harmless for reasons that follow.
In its second assignment of error, appellant Security contends that the trial judge erred in finding that the parties had not agreed that the payments made by Mr. Orgeron would end the dispute. Security alleges that the parties agreed that both the appeal and the judgment debtor rule would be dismissed. Security argues that because the checks were offered without an explicit reservations of rights they amounted to accord and satisfaction of the debt. We disagree.
The doctrine of accord and satisfaction is a defense which estops the creditor from suing on the compromised debt. Anesthesia East, Inc. v. Bares, 594 So.2d 1085, 1087 (La.App. 4th Cir.1992). To establish the defense of accord and satisfaction, the jurisprudence requires proof that there was an unliquidated or disputed claim, a tender made by the debtor in full settlement of the claim, and an acceptance of the tender by the creditor. See, e.g., Joseph A. Oster & Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688, 691 (La.App. 4th Cir.1976). Stated differently, there must be a contract to make full settlement of a claim for a specific consideration. Hall v. Management Recruiters of New Orleans, 332 So.2d 509, 511 (La.App. 4th Cir.1976). In cases where the applicability of the doctrine of accord and satisfaction is in doubt, it will not be applied. See, e.g., Reily Electrical Supply, Inc. v. Hollenberg, 535 So.2d 1321, 1323 (La.App. 5th Cir.1988), writ denied, 540 So.2d 331 (La.1989).
It has been noted that the doctrine of accord and satisfaction is very much like the doctrine of compromise. See, e.g., McClelland v. Security Industrial Insurance Co., 426 So.2d 665, 670 n. 2 (La.App. 1st Cir. 1982), writ denied, 430 So.2d 94 (La.1983). Civil Code article 3071 provides in part that "A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." A compromise agreement which is not reduced to writing and evidenced by documentation signed by both parties is unenforceable. See, e.g., Felder v. Georgia Pacific Corp., 405 So.2d 521, 523 (La.1981).
Code of Civil Procedure article 2085 provides in part that "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. See, e.g., Vincent v. State Farm Mutual Automobile Insurance Co., 95-1538, p. 3-4 (La.App. 3d Cir. 4/3/96), 671 So.2d 1127, 1129. Acquiescence in judgment is never presumed and must be established by evidence that leaves no doubt of the required intent. Id.
In addition to the proffered testimony of Security's counsel regarding his negotiations with opposing counsel, the only evidence proffered to show that the tendered payments represented full accord and satisfaction of the debt and that Mr. Orgeron agreed to abandon his appeal are the two checks and accompanying August 11, 1992 letter from Mr. Orgeron's counsel. These do not suffice. Cf. Succession of Franz, 238 La. 608, 116 So.2d 267, 268 (1959). In Jeffers v. Hansen, 440 So.2d 825, 826 (La.App. 4th Cir.1983), *246 this Court found that it was not established that a creditor intended to dismiss his appeal when he signed a satisfaction of judgment and accepted checks tendered by the judgment debtor. Likewise in the instant case, a review of the proffered evidence shows it insufficient to clearly establish that the payments to the judgment creditor were anything more than the fulfillment of Mr. Orgeron's obligation to pay the December 19, 1990 judgment while he pursued his devolutive appeal. We find no error in the ruling of the trial judge.
A judgment for the payment of money may be executed by a writ of fieri facias directing the seizure and sale of property of the judgment debtor. La. C.C.P. art. 2291. A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed. La. C.C.P. art. 2252. Implicit in the rules that authorize the execution of judgments appealed devolutively is the obligation of a judgment creditor to return voluntary payments made by the judgment debtor to avoid execution of the judgment during the pendency of a devolutive appeal if the judgment is reversed.
Accordingly, the December 19, 1990 judgment in favor of appellee for $4,400.60 with legal interest from date of judicial demand until paid and for costs of the proceedings in the trial court is affirmed. Costs of the appeal are assessed to appellant Security Industrial Funeral Home Corporation.
AFFIRMED.
NOTES
[1] This Court's records indicate that the briefs were filed in the prior appeal although Security's brief was filed late. When the case was called, Mr. Orgeron's counsel was present but Security's counsel was absent. Court records do not indicate whether Mr. Orgeron's counsel presented oral argument or the case was submitted on briefs.
[2] Security's counsel alleges in his brief that he signed this form. Only an unsigned form appears in the record.
[3] The copies of the checks in the record indicate that Mr. Orgeron tendered a total of $4,400.64. The judgment, however, orders the return of $4,400.60 and Mr. Orgeron's counsel asks on appeal only that this judgment be affirmed. Therefore, this Court will not correct this inconsequential error.