1CHARLES R. JONES, Judge.
The plaintiff/appellant, Darryl Hawthorne, appeals the judgment of the district court granting the exceptions of res judicata and no cause of action filed by the defendani/appellee, Melissa Barbier. We reverse.
In 1983, Mr. Hawthorne was convicted of aggravated burglary and sentenced to thirty years imprisonment. On July 9, 2000, Mr. Hawthorne hired Ms. Barbier, to represent him in the criminal matter entitled State v. Darryl Hawthorne[1]. Mr. *29 Hawthorne hired Ms. Barbier to file and defend a motion to reconsider his sentence. Ms. Barbier filed the motion and argued the matter before the criminal court trial judge on February 9, 2001. The motion was denied. On appeal, this Court affirmed the ruling of the district court[2].
Mr. Hawthorne subsequently filed a legal malpractice action against Ms. Barbier seeking return of the fees he paid to Ms. Barbier as well as attorney fees and costs of the proceedings. Ms. Barbier filed exceptions of res judicata and no cause of action based upon the doctrine of accord and satisfaction. She argued that she sent Mr. Hawthorne a money order for the remainder of the monies he paid her |gthat were not used in his defense. The district court granted Ms. Barbier’s exceptions of res judicata and no cause of action.
On appeal, Mr. Hawthorne, in proper person, contends that the district court erred in granting the exceptions of res judicata and no cause of action. The district court, in granting the exceptions, concluded that Mr. Hawthorne and Ms. Barbier had settled the matter and accepted the theory of accord and satisfaction offered by Ms. Barbier. However, there is no evidence in the record that Mr. Hawthorne agreed to a settlement of the litigation. In the district court, Ms. Barbier produced the money order that she allegedly sent to Mr. Hawthorne, but failed to produce any evidence to indicate that he cashed the money order. Ms. Barbier failed to produce any type of written evidence of the alleged settlement.
The doctrine of accord and satisfaction is a defense which estops the creditor from suing on the compromised debt. Anesthesia East, Inc. v. Bares, 594 So.2d 1085, 1087 (La.App. 4 Cir.1992). To establish the defense of accord and satisfaction, the jurisprudence requires proof that there was an unliquidated or disputed claim, a tender made by the debtor in full settlement of the claim, and an acceptance of the tender by the creditor. Joseph A. Oster & Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4 Cir.1976). In cases where the applicability of the doctrine of accord and satisfaction is in doubt, it will not be applied. Reily Electrical Supply, Inc. v. Hollenberg, 535 So.2d 1321 (La.App. 5 Cir.1988).
It has been noted that the doctrine of accord and satisfaction is very much like the doctrine of compromise. McClelland v. Security Industrial Insurance Co., 426 So.2d 665 (La.App. 1 Cir.1982). La. C.C. article 3071 provides in part that “[a] transaction or compromise is an agreement between two or more persons, |3who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.” A compromise agreement which is not reduced to writing and evidenced by documentation signed by both parties is unenforceable. Felder v. Georgia Pacific Corp,, 405 So.2d 521, 523 (La.1981); Orgeron v. Security Indus. Funeral Homes, Inc., 96-2127 (La.App. 4 Cir. 2/26/97), 690 So.2d 243.
Ms. Barbier failed to produce any evidence that Mr. Hawthorne cashed the money order and/or any type of written documentation that Mr. Hawthorne agreed to settle the matter. Ms. Barbier offered no proof in order to establish the defense of accord and satisfaction. The district court erred in granting the exceptions filed by Ms. Barbier.
*30 Decree
For the reasons stated herein, the judgment of the district court is reversed and the claim filed by Mr. Hawthorne against Ms. Barbier is reinstated.
REVERSED.

. Criminal District Court for the Parish of Orleans # 297-215

. State v. Darryl Hawthorne, unpub., 2001-0778, 812 So.2d 160 (La.App. 4 Cir. 2/20/02).