843 So.2d 1286 (2003)
PRECISION DRYWALL & PAINTING, INC.
v.
WOODROW WILSON CONSTRUCTION CO., INC.
No. 03-0015.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
*1287 Michael Thomas Johnson, Attorney at Law, Alexandria, LA, for Defendant/Appellant, Woodrow Wilson Construction Co., Inc.
Eugene A. Ledet, Jr., Rivers, Beck, Dalrymple & Ledet, Alexandria, LA, for Plaintiff/Appellee, Precision Drywall & Painting, Inc.
Court composed of NED E. DOUCET, JR., Chief Judge, JOHN D. SAUNDERS, and JIMMIE C. PETERS, Judges.
SAUNDERS, Judge.
This matter arises from a construction contract between Defendant, Woodrow Wilson Construction Company, Inc., and Plaintiff, Precision Drywall and Painting, Inc. Defendant appeals the judgment of the trial court holding that it breached its contract with Plaintiff and casting judgment against Defendant in the amount of $7,631.38, plus attorney fees.

FACTS AND PROCEDURAL HISTORY
The State of Louisiana contracted with Woodrow Wilson Construction Company, Inc. (Woodrow Wilson) to remodel the Edith Garland Dupre Memorial Library on the campus of the University of Louisiana at Lafayette, in Lafayette, Louisiana. Woodrow Wilson took bids from various subcontractors, including Plaintiff, Precision Drywall and Painting, Inc. (Precision), who was awarded the bid for the drywall/painting portion of the job. The initial contract price was $282,693.00.
The construction was set to be completed in February, 2000. Unfortunately, the construction went on longer than planned and was not completed until November, 2000. In addition to the work set forth in the subcontract agreement, Precision was called upon to do additional work in the form of change orders, making the contract price $306,457.07.
Woodrow Wilson claims that it experienced numerous problems with the job performance of Precision. Accordingly, Woodrow Wilson states that it kept track of expenses incurred by Precision throughout the job in the form of backcharges *1288 (deductions assessed to Precision). Precision received payment for work performed in connection with the library from Woodrow Wilson in March, 2001, from which a majority of the backcharges were deducted, and then received a final payment in the amount of $36,853.00 on September 19, 2001. Both payments were submitted with an itemized list of backcharges that amounted to $7,631.38. Precision claims it was completely unaware of Woodrow Wilson's intent to unilaterally assess backcharges.
After the check was submitted to Precision, its attorney, Eugene Ledet, sent a letter to Woodrow Wilson dated September 19, 2001, which stated that Precision rejected the final check of $36,853.00. The check was inscribed on the back with the following: "Acceptance of this check represents full and final payment for all materials and labor provided for the Dupre Library project, in Lafayette, Louisiana." Precision offered to settle with Woodrow Wilson, and that offer was not accepted. Precision then deposited the $36,853.00 check into its account on October 11, 2001.
Precision subsequently filed suit seeking to recover the backcharges assessed to it. Trial on the merits was held on June 13, 2002. The court rendered judgment in favor Precision and held that Woodrow Wilson breached its contract with Precision. The court cast judgment against Woodrow Wilson in the amount of $7,631.38 in addition to $2,500.00 in attorney fees.

LAW AND ANALYSIS
On appeal, Woodrow Wilson presents four issues for review:
(1) whether the trial court erred in ruling that accord and satisfaction had not been reached in the instant matter;
(2) whether the trial court erred in finding that Woodrow Wilson breached the contract between the parties;
(3) whether the trial court erred in not finding that Precision breached the contract between the parties; and
(4) whether Precision put on sufficient evidence to support the trial court's ruling in its favor.

Accord and Satisfaction
Woodrow Wilson argues that the trial court erred in ruling that accord and satisfaction had not been reached in the instant matter. The trial court held that evidence that Precision negotiated a check issued by Woodrow Wilson, containing the language, "[a]cceptance of this check represents full and final payment for all materials and labor provided for the Dupre Library project in Lafayette, Louisiana," was not sufficient to meet Woodrow Wilson's burden of proof in showing that accord and satisfaction had been reached by the parties.
Although accord and satisfaction is a common law principle, not founded in statutory law in Louisiana, it has been adopted by our courts. See Anesthesia East, Inc. v. Bares, 594 So.2d 1085 (La. App. 4 Cir.1992); Harmon v. Simon, 624 So.2d 981 (La.App. 3 Cir.1993); Creative Mktg. Sales, Inc. v. Rayborn, 615 So.2d 1107 (La.App. 5 Cir.1993). The concept of accord and satisfaction is similar to principles of novation, contained in La.Civ.Code arts. 1879 through 1887, wherein a new performance is substituted for one that was previously owed. The accord and satisfaction doctrine is an affirmative defense which is proven when there is an unliquidated or disputed claim between the debtor and creditor, a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check. Anesthesia E., 594 So.2d 1085.
*1289 In the past, the appellate courts of this state have held that the debtor's issuance of a check for an amount less than is owed to the creditor, with the notation "final payment", together with the creditor's negotiation of the check, constitutes accord and satisfaction. Harmon, 624 So.2d 981; Creative Mktg. Sales, 615 So.2d 1107; Anesthesia E., 594 So.2d 1085. For instance, in Anesthesia East, Plaintiff claimed that an outstanding amount was due on an open account. The defendant sent a check which stated it was in "[f]inal payment" of the account. Plaintiff replied by letter stating that, if the account was not paid in full, action would be taken. Plaintiff negotiated the check three months later. The court held that the correspondence showed that Plaintiff was cognizant of the nature of the tender as "full and final payment" and, accordingly, held that there was an accord and satisfaction of the debt.
Likewise, in the instant case, Precision was issued a check by Woodrow Wilson stating that it was full and "final payment" of all work done on the Dupre Library project. Precision's attorney notified Woodrow Wilson that it would not accept this amount as full payment, but subsequently decided to negotiate the check denoting "full and final payment."
We find no distinction between the instant case and Anesthesia East. Woodrow Wilson clearly fulfilled its burden by showing that: (1) there was an unliquidated or disputed claim between Precision and Woodrow Wilson, (2) a tender was made by Woodrow Wilson for less than the sum Precision claimed it was owed, and (3) Precision accepted the tender by negotiating the check.
Precision argues that inherent in accord and satisfaction principles is mutual consent of the parties. Further, Precision argues that recent case law has underscored the imperative of determining mutual consent. It asserts that mutual consent is established when the creditor understands that the payment is tendered in full settlement of the dispute. Precision argues that its letter of September 19, 2001, to Woodrow Wilson, which stated that "Precision categorically reject[s] receipt of the $36,853.00 in full and final payment of all materials and labor provided," shows that there was no mutual consent.
We agree that "mutual consent" is a requirement of accord and satisfaction. However, as the case law denotes, evidence of "mutual consent" is shown when the creditor negotiates a form of payment that specifically states "full and final payment." We find no basis for changing the legal principles and analysis of accord and satisfaction used in nearly every circuit within the State. Mutual consent and understanding of the transaction were clearly exhibited by Precision when it negotiated this check that clearly stated "full and final payment."
Accordingly, we find that Woodrow Wilson has presented sufficient evidence to show that the debt described herein was extinguished by the accord and satisfaction of the parties.

Breach of Contract
On review, Woodrow Wilson asserts that the trial court erred in ruling that it breached its contract with Precision. Instead, it asserts that Precision breached the contract. As explained above, the parties reached an accord and satisfaction of their claims against one another. Because the matter was settled by the parties, it is unnecessary for us to review whether either party breached the contract.

Precision's Sufficiency of Evidence
Finally, in Woodrow Wilson's last assignment of error, it asserts that Precision failed to put on sufficient evidence to support *1290 the trial court's ruling its their favor. Once again, because an accord and satisfaction was reached by the parties, our review of this issue is unnecessary.

DECREE
For the reasons explained herein, we find that the trial court erred when it found that Woodrow Wilson breached its contract with Precision. Accordingly, we reverse the judgment of the trial court where it assessed $7,631.38 to Woodrow Wilson, along with the $2,500.00 in attorney fees. The parties reached an accord and satisfaction wherein all claims were resolved. All costs of this appeal are assessed to Plaintiff, Precision.
REVERSED.