DANIEL L. DYSART, Judge.
|,In this appeal, plaintiffs assert that the trial court erred in granting defendant’s Motion for Summary Judgment and Exception of Res Judicata. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

This lawsuit arises from damages suffered to a thirty-nine unit apartment complex as a result of Hurricane Katrina. Riverbend Capital, LLC (“Riverbend”) is the mortgagee of the property in question. Defendant Certain Underwriters at Lloyd’s of London (“Lloyd’s”) issued an insurance policy to the mortgagor Gawain Ministries, L.L.C. (“Gawain Ministries”). Gawain Ministries was named as the insured on the policy. Riverbend was named as the loss payee/ mortgagee. Lloyd’s submitted a check in the amount of $114,020.41 to Gawain Ministries for the damage to the insured property. The check was made payable to Gawain Ministries and Riverbend with the following language contained on the check: “... IN FULL AND FINAL SETTLEMENT OF THE HURRICANE KATRINA LOSS OF AUGUST 29, 2005.” Both Gawain Ministries and Riverbend endorsed the check.
| ;>Gawain Ministries filed suit against defendant in August 2006, alleging Lloyd’s had not fully compensated it for losses sustained in Hurricane Katrina. In July 2007, Riverbend filed the instant case. In December 2008, the trial court entered judgment against Gawain Ministries in the first lawsuit, finding that the restrictive language on the check constituted a full and final settlement of Gawain Ministries’ claim, and dismissed the case with prejudice. No appeal from this decision was taken.[1]
Subsequently, in the case at bar, Lloyd’s filed a Motion for Summary Judgment, arguing that under the doctrine of accord and satisfaction, Riverbend’s negotiation of the check precluded further recovery, and alternatively, that the suit was barred by res judicata given the ruling in the Gawain Ministries lawsuit. The trial court agreed and entered judgment dismissing the lawsuit. Riverbend subsequently filed this appeal.

STANDARD OF REVIEW

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Insurance Company v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226. .The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, scrutinized equally, show that there is no genuine issue as to |amaterial fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).

DISCUSSION

The doctrine of accord and satisfaction estops a creditor from suing on a compromised debt. Anestheia East v. Bares, 594 So.2d 1085 (La.App. 4 Cir.1992). To establish a defense of accord *1095 and satisfaction, the debtor must show: an unliquidated or disputed claim between debtor and creditor; that the debtor tendered a check for less than the sum claimed by the creditor; and that the creditor accepted the tender by negotiating the check. Id. at 1087.
In the instant case, the trial court found that three prongs set forth in Anesthesia were met. Defendant received proof of loss from Gawain Ministries. It tendered a check as full and final settlement of the claim. Both Gawain Ministries and River-bend negotiated the check. By signing the check, Riverbend accepted Lloyd’s offer to settle the claim.
Riverbend asserts that the check was actually an unconditional tender by defendant, and that the trial court erred in rejecting this argument.
After Hurricane Katrina, Lloyd’s retained SyNerGy Adjusting Corporation to adjust the loss. Adjuster Nick Green met with the named insured’s principal, Calvin Davis, and negotiated a resolution of the insured damage. Mr. Green testified that Gawain Ministries was asked “ad nause-um” to provide a competing contractor’s estimate for damages to the property, but declined to do so. On December 28, 2005, Mr. Green sent a letter to Gawain Ministries stating in part:
Having reviewed numerous photographs depicting the condition of your buildings and from the eyewitness account of various adjusters (3 in total) that attended to undertake the adjustment, it is considered settlement can be offered, on a without prejudice to liability basis, as follows:
Replacement Cost $275,416.01
Less Depreciation (96,395.60)
Net Loss 179,020.41
Less Deductible (65,000.00)
Net Payable 114,020.41
Attached is a Proof of Loss for your signature and return in order that we may forward it to your insurers for payment.
LMr. Davis was represented by an attorney during these negotiations.
On January 10, 2006, Gawain Ministries executed the Sworn Statement in Proof of Loss enclosed with the December 28 letter, which stated that the amount claimed under the Lloyd’s policies for the windstorm damages to the property resulting from Hurricane Katrina totaled $114,020.41, net of the deductible. The Proof of Loss was notarized by Gawain Ministries’ counsel. Subsequently, a check was issued in the amount of $114,020.41 made payable to “GAWAIN MINISTRIES AND RIVER bEND CAPITOL [sic] — IN FULL AND FINAL SETTLEMENT OF THE HURRICANE KATRINA LOSS OF AUGUST 29, 2005.”
The check was forwarded to Gawain Ministries’ attorney. Riverbend’s principal, Michael Dazat, testified that he received the check from either Gawain Ministries’ attorney or his wife. Gawain Ministries endorsed the check, as did Riverbend. Once the check was fully endorsed, Riverbend deposited the check into its account, and then gave money from this check to Gawain Ministries’ attorney through Gawain Ministries’ attorney’s account.
In the Reasons for Judgment, the trial court stated:
It is of no moment that the plaintiff believes that the check undervalued the damage to the properties. This is not the case of an unsophisticated party being duped. Plaintiff is in the mortgage business. It was aware, or should have been aware of, the language contained on the face of the check. If plaintiff believed the amount was inadequate, it has the option of refusing the check, thereby refusing the condition attached.
*1096 |5We agree. By negotiating the check marked “in full and final settlement,” Riv-erbend accepted defendant’s offer to settle the claim. The plain wording on the face of the check makes it clear that it is not an unconditional tender. We find no error in this ruling of the trial court.
Riverbend asserts that the trial court erred by deciding the motion for summary judgment where important discovery related to the issues was not completed. Specifically, Riverbend argues that the most important witnesses to the issues—the corporate representatives of the Lloyd’s syndicates, the broker, and the third-party vendor that issued the check-had not been deposed.
The only factual issues relevant to the defense of accord and satisfaction are whether there was (1) and unliquidated or disputed claim; (2) tender of a check made by the debtor in full and final settlement; and (3) acceptance of the check by the creditor through negotiation of the check. Hawthorne v. Barbier, 02-1903, p. 2 (La.App. 4 Cir. 2/19/03), 841 So.2d 28, 29.
Mr. Green testified that the figure was negotiated with the named insured, who was represented by counsel. Thus, the amount paid was as a compromise of a disputed claim. The check plainly stated that it was made “IN FULL AND FINAL SETTLEMENT OF THE HURRICANE KATRINA LOSS OF AUGUST 29, 2005.” Riverbend has admitted that it negotiated the check without condition. Further discovery to verify what Lloyd’s meant by “full and final settlement” is unnecessary where the language is clear and unambiguous as here. We find no merit to this assignment of error.
Next, Riverbend further argues that the trial court erred by not finding that Lloyd’s was estopped from raising the affirmative defense of accord and | ^satisfaction. Riverbend points out that the exact phrase “accord and satisfaction was not used in the Answer; thus, since the defense was not specifically pled, the issue was not properly considered by the trial court.
Lloyd’s 11th Affirmative Defense states in part:
AND STILL FURTHER ANSWERING, Respondents, London Underwriters aver that they have satisfied all contractual obligations to the insured, and as such, there are no additional monies owed pursuant to said insurance contracts ...
Lloyd’s further asserted in their Answer that “they received a proof of loss from Gawain Ministries LLC in the amount of $114,020.41 and issued a check jointly payable to Gawain Ministries, LLC and Plaintiff in the amount of $114,020.41.”
Accord and satisfaction is an affirmative defense and must be specially pled in the Answer. Anesthesia East, supra. See also La. C.C.P. art. 1005 (identifying as an affirmative defense any defense that argues the “extinguishment of the obligation in any manner”).
The purpose of specially pleading an affirmative defense is to give fair notice to the plaintiff of the nature of the defense. Bienvenu v. Allstate Ins. Co., 01-2248 (La.App. 4 Cir. 5/8/02), 819 So.2d 1077. Special pleading of affirmative defenses prevents “trial by ambush” and does not give the defendant an unfair advantage. Walters v. Metro. Erection Co., 94-0162, p. 7 (La.App. 4 Cir. 10/27/94), 644 So.2d 1143, 1147.
In Walters, this court stated that generally, affirmative defenses should be pled in the answer. However, in that case, this court found that the plaintiff had adequate notice of the nature of the defense and was not prejudiced by the trial court’s decision to allow the argument to go forward. This *1097 court reasoned that the plaintiff had adequate time to prepare an answer.
|7In the case at bar, defendant initially filed its summary judgment on August 28, 2009. Plaintiff retained its current counsel on October 2, 2009. On October 22, 2009, plaintiff filed an opposition to defendant’s motion. The hearing was held on March 9, 2010.
We find that the language used by Lloyd’s in the Answer and 11th Affirmative Defense effectively communicated that the doctrine of accord and satisfaction would be asserted as a defense. Further, plaintiff had adequate notice of the defense and adequate time to oppose it, and in fact did oppose it. Riverbend was not prejudiced by the failure to include the magic words “accord and satisfaction,” and the issue was properly before the trial judge. We find no merit to this assignment of error.
In light of these rulings, Riverbend’s assignment of error concerning res judica-ta is moot, and we need not address it. CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. The decision in Gawain Ministries, L.L.C. v. Certain Underwriters at Lloyd's of London, Civil District Court Case Number 2006-9905, was rendered by Judge Medley.