PROVOSTY, C. J.
Plaintiff suffered a broken ankle while in the employ of defendant company in February, 1918, and remained totally disabled until the following November, when, with the aid of an ankle brace and a crutch, he could go about and do light work, and he has continued in the latter condition, and, as we understand, is likely to continue, unless he has the foot amputated.
[1] He claims compensation under the Workmen’s Compensation Act (Laws 1914, No. 20), as amended by Act 38 of 1918. This amendment can have no application to the case, since it was adopted after the accident had happened — to wit, in June, 1918. The obligation of the employer to make compensation results from the contract of employment. Manifestly, after this contract has come to an end, as a result of the accident which has incapacitated the workman from performing his part of it, the Legislature cannot change it so as to make it more onerous to the employer. This court held, in Craver v. Gillespie, 148 La. 182, 86 South. 730, that the amendment of 1916 could have no application in a case that had arisen before its adoption. The Legislature may by an exercise of the police power read into the employment contract a provision for the protection of the workman; but it cannot, after the contract has terminated, increase the obligation of the employer, for to do so would be simply to take money from the pocket of one person and give it to another — a thing the Legislature is obviously without power to do.
The amount to which plaintiff is entitled must therefore be ascertained from Act 243 of 1916, amending Act 20 of 1914. The case comes under paragraphs (a) and (c) of section 8 of this act; and, inasmuch as 50 per cent, of the salary plaintiff was earning would exceed the maximum of $10 per week allowable under these paragraphs, we fix the compensation at this maximum.
[2] Although $2,065.40 had already been paid plaintiff at the date of the filing of this suit, he alleged in his petition that nothing had been paid him. Defendant contends that thereby plaintiff incurred the penalty of dismissal of his suit under section 37 of Act 20 of 1914. And defendant contends further that the suit should be dismissed for the reason that plaintiff fails to allege in his petition that a dispute has arisen between him and defendant over the amount of the compensation due him; and defendant also contends that plaintiff should have had the foot amputated, and thereby put an end to his partial disability; but defendant did not appeal, and did not answer the appeal; hence no amendment of the judgment can be made in its favor.
The judgment appealed from, which allowed plaintiff $10 per week for 200 weeks, subject to a credit of $2,126.80, and condemned defendant to pay the costs, is set aside, and it is now ordered, adjudged, and decreed that plaintiff have judgment against defendant for $10 per week payable weekly for 300 weeks, plus $150 medical expenses, less $2,-065.40 already paid, and that defendant pay the costs of the lower court, and plaintiff those of the appeal.