311 So.2d 506 (1975)
Benjamin WALKER, Sr.
v.
JOHNS-MANSVILLE PRODUCTS CORP.
No. 6751.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
David Gertler, Joseph M. Singerman, New Orleans, for plaintiff-appellant.
Baldwin, Haspel, Molony, Rainold & Meyer, Bruce A. North, New Orleans, for defendant-appellee.
Before GULOTTA, MORIAL and BEER, JJ.
GULOTTA, Judge.
Plaintiff seeks workmen's compensation benefits under the provisions of LSA-R.S. 23:1031.1[1] for an occupational disease[2] suffered while employed by defendant company. The trial judge dismissed plaintiff's suit on defendant's motion for summary judgment. Plaintiff appeals. We affirm.
The facts are that plaintiff terminated employment on October 24, 1949. The occupational disease provisions of the act were adopted in July, 1952. The disease manifested itself in July, 1972. According to plaintiff's petition, the disease, although a result of plaintiff's employment, was not contracted prior to the adoption of the statute because it manifested itself subsequent to the effective date of the statute. Plaintiff's position is that the disease is contracted under LSA-R.S. 23:1031.1 when the disability caused from the *507 disease manifests itself or when plaintiff becomes aware of the disability. According to plaintiff, he became aware of the disease in July, 1972, after the enactment of the statute, and, therefore, is covered by the provisions relating to occupational disease disability.
Plaintiff further claims that every contract of employment includes, either expressly or impliedly, the benefits which go with the contract, such as compensation for disability and occupational disease. It is plaintiff's position that while he discontinued employment in 1949, any benefits which were part of his contract of employment did not terminate with the employment although the benefits accrued subsequent to the termination of employment and can be shown to have been connected to the employment. In other words, any benefits from the contract of employment continue to flow in the event that a disability results or manifests itself subsequent to the date of the discontinuance of employment.
Finally, when confronted by defendant's argument that plaintiff discontinued his employment prior to the adoption of the statute, plaintiff maintains that while no provision was made prior to 1952 for benefits for occupational disease, nevertheless, no prohibition existed against providing benefits for such disease. Plaintiff reasons that the subsequent statutory inclusion of those benefits will allow recovery for those persons who were employed prior to the adoption of the statute but whose disability manifested itself subsequent to the adoption of the statute.
Defendant, on the other hand, maintains that in those cases where an employee received benefits resulting from occupational disease, the employee had worked subsequent to the date of the adoption of the occupational disease amendment. Defendant points out that, in the instant case, plaintiff's employment was terminated prior to the adoption of the statute. To allow recovery, defendant argues, retroactive effect must be given to a statute providing substantive rights and substantive responsibilities. We agree.
It is true, as pointed out by counsel for plaintiff, that the Louisiana Supreme Court in LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779 (1967), stated that the disease manifests itself when the employee becomes disabled. Also in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952), the Supreme Court stated that prescription did not commence to run until the injury had developed and that the injury had not developed into a total disability until the employee could no longer continue in his employment because of the disability. We do not quarrel with the LaCoste and Mottet decisions, nor do we quarrel with plaintiff's argument that the disability occurred when the disease manifested itself. However, the question in the instant case is not only when the disability manifested itself, but also whether an employee can recover for disability caused by occupational disease under a statute enacted subsequent to termination of his employment.
Plaintiff relies on Frisby v. International Paper Company, 76 So.2d 621 (La.App., 2d Cir. 1954), in which a diagnosis was made on March 7, 1952, that the employee had an occupational disability. However, it was not until July 13, 1953, that he became aware that the cause of the disease had a definite relationship to his employment. LSA-R.S. 23:1031.1 went into effect on July 30, 1952, and one of the questions posed in Frisby was whether or not the employee could recover for disability caused by the occupational disease where the disease had manifested itself prior to the time the Workmen's Compensation Act afforded a remedy for such disease. In concluding that the employee had a cause of action in such a case, the court stated:
"The exception of no cause or right of action rests upon the assumption by counsel for appellee that the 1952 amendment to the Workmen's Compensation Act, LSA-R.S. 23:1031.1 went into effect *508 on July 30, 1952, and that the disease blastomycosis had manifested itself prior to that time and at a time when the Workmen's Compensation Act did not afford a remedy for such a disease. Counsel's position is not well taken as Frisby steadily continued in his employment until August 15, 1952. * * *" (emphasis ours)
Significantly, the court in Frisby made mention of the fact that the employee continued to be employed until after the effective date of the act providing for recovery. The court went on to say that the disease "manifested itself" in July of 1953, when he became aware that the disease was related to his employment. Under such circumstances, a suit filed on July 29, 1953, was filed within the one-year prescriptive period. The court further in Frisby cited Mottet for the proposition that the disability does not occur or manifest itself until such time as it caused the employee to cease his employment.
We are in agreement with the result reached in Frisby since the employee in Frisby continued to be employed subsequent to the effective date of the statute. Under the circumstances, the employee was clearly entitled to recovery. However, in the instant case, plaintiff had not been employed subsequent to the adoption of the statute providing for coverage for disability in occupational disease cases. Plaintiff's employment had been terminated on October 24, 1949. The statute was enacted in 1952, and the disease did not manifest itself until 1972.
If recovery is permitted in the instant case as plaintiff contends, retroactive effect must be given to the 1952 statute providing for disability for occupational diseases.
In American Finance Corp. of Coushatta, Inc. v. Small, 250 So.2d 768 (La.App., 2d Cir. 1971), a case where retroactive effect was sought in connection with the statute providing for exemptions from seizure in garnishment proceedings, the court stated that the general rule is that statutes should be construed to operate prospectively unless the words employed showed a clear intent that they should have a retroactive effect. The court went on to say:
"* * * However, statutes relating solely to procedure or remedies are to be given a retroactive effect in the absence of language showing a contrary intention, unless such application adversely affects or impairs substantive or vested rights or the obligations of contract. * * *"
Also in Derouen v. Lard, 121 So.2d 311 (La.App., 1st Cir. 1960), the court was confronted with whether an act of Congress could be retroactively or retrospectively applied which conferred jurisdiction in state courts over labor disputes which occurred prior to the enactment of the Congressional act. The court concluded that to give retroactive effect would impair vested rights acquired under existing laws and create new substantive rights and obligations. The court concluded that under the circumstances no retroactive effect would be given to the Congressional act. See also Leon v. Crowell & Spencer Lumber Co., 151 La. 932, 92 So. 389 (1922).
It is clear from a reading of LSA-R.S. 23:1031.1 that the right conferred is substantive in nature and not merely remedial. Under the circumstances, plaintiff is not entitled to recover for an occupational disease because his employment ceased prior to the enactment of the statute granting such recovery. The judgment is affirmed.
Affirmed.
NOTES
[1] "A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.

B. * * *"
[2] Plaintiff worked as an operator of a mixer of asbestos dust. He contracted the occupational disease known as "asbestosis" included in LSA-R.S. 23:1031.1(B).