I iTHIBODEAUX, Judge.
The defendant, Coastal Construction and Engineering, appeals a judgment of the Office of Workers’ Compensation Administration which awarded benefits to its employee, Randall Harrington. The hearing officer found Mr. Harrington established a work accident occurred and, as a result of that accident, he sustained a disabling injury for which he is entitled to benefits and all reasonable and necessary medical treatment to *781 determine the nature and extent of his disability. _[2Because the employer’s refusal to pay indemnity and medical benefits was found to be arbitrary and capricious, Mr. Harrington was awarded penalties and attorney’s fees.
The hearing officer was correct in all respects. We, therefore, affirm.

ISSUES

The central issue presented for review is whether the hearing officer was clearly wrong in determining Randall Harrington had a compensable accident under the Louisiana Workers’ Compensation Act. Coastal Construction also asserts the hearing officer incorrectly awarded penalties and attorney’s fees.

FACTS

Randall Harrington worked as a general laborer doing construction work for Coastal Construction and Engineering. Coastal Construction is a sole proprietorship owned by Larry Blanehet and insured by the Louisiana Workers’ Compensation Corporation. Though there was some initial confusion about the date of the accident, the record supports an accident date of April 21, 1993. Mr. Harrington has not worked since the date of the accident, and has not received any compensation or medical benefits.
Mr. Harrington injured himself moving concrete blocks at the Akzo Salt Company. While he was moving blocks, Mr. Harrington tripped in a hole, lost his balance, and felt something pull in his back. He completed his work, and did not tell anyone at work that he injured himself. His back pain increased during the night. The next day, Mr. Harrington asked his co-worker to tell Larry Blanehet to call him because he was hurt. Mr. Blanehet never called Mr. Harrington.
Phone records support Mr. Harrington’s testimony that he called Mr. Blanehet to report his injury. Mr. Blanehet told him he would check with his 13insurance company to see if the accident was covered. Mr. Harrington’s chiropractor’s office also called Mr. Blanehet; he never followed up with the insurance company, and did not call Mr. Harrington or his doctor.
Mr. Harrington initially sought treatment at the University Medical Center; he also saw Dr. Michael J. Guariseo, a chiropractor. Dr. Guariseo recommended he see an orthopedist. Mr. Harrington’s request to see a physician of his choice went unanswered by Coastal Construction. Dr. Amy Rumbaugh, a chiropractor, found pre-existing scoliosis, but no evidence of new injury. Coastal Construction’s doctor, Dr. Gregory Gidman, an orthopedist, found Mr. Harrington could not return to his former employment. He attributed his problems to degenerative discs in his lumbar spine.
Mr. Harrington has consistently complained of pain, and is unable to work. Mr. Harrington’s complaints of pain were corroborated by his girlfriend’s testimony, and by medical evidence in the record.

LAW & DISCUSSION

La.R.S. 23:1021(1) provides:
‘Accident’ means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
The plaintiff-employee in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
|4The worker’s testimony alone may be sufficient to discharge his burden of proof, if: (1) no other evidence casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. The worker’s testimony may be corroborated by fellow workers, spouses, friends, or by medical evidence. West; Bruno.
When evaluating the evidence, the trier of fact should accept as true the uncon- *782 tradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Id. The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel its own evaluations and inferences are as reasonable. West.
Even if there were a pre-existing latent back disability, nevertheless workmen’s compensation benefits are payable when a work-accident aggravates or accelerates it, producing disability. A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
West, 371 So.2d at 1149. (Citations omitted).
The hearing officer found Mr. Harrington satisfied his burden of proving his claimed disability was causally related to an accident which occurred in the course of his employment at Coastal Construction. The hearing officer did not consider Mr. Harrington’s delay in reporting the accident important. We agree. The supreme court, in a factually similar case, noted that the claimant’s delay in reporting the accident was more corroborative of the employee’s initial unawareness of the |sseriousness of the injury than it was a cause to doubt the employee’s credibility about its occurrence. West, 371 So.2d at 1150. We find the facts in this case support the same conclusion.
Mr. Harrington proved his disability by clear and convincing evidence. Once disability is established, then the employer must provide all necessary medical care and treatment. The employer or insurer is liable for statutory penalties for withholding benefits without evidence to reasonably controvert the employee’s right to compensation and medical benefits. La.R.S. 23:1202; Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). Attorney’s fees are also recoverable if the employer or insurer acted arbitrarily, capriciously, or without probable cause in refusing to pay or terminating benefits. La. R.S. 23:1201.2.
 We agree with the hearing officer’s finding that the employer’s failure to recognize the employee’s right to see a physician of his choice for his work-related injury was arbitrary and capricious. The medical reports were inconclusive. An injured employee may not be cut off from compensation benefits on the basis of inconclusive medical reports; it is incumbent upon the insurer or employer to make reasonable efforts to ascertain the employee’s exact medical condition at the time benefits are terminated or refused. Savant v. Employers Nat. Ins. Co., 502 So.2d 176 (La.App. 3d Cir.1987).
The hearing officer properly awarded Mr. Harrington compensation benefits of 66% of his average weekly wage of $240.00 per week, from April 21, 1993, to the date he is able to return to gainful employment. Furthermore, the record supports the award of all reasonable and necessary medical treatment, with mileage paid, to determine the exact nature of the claimed disability. Finally, the hearing officer appropriately assessed penalties against Coastal Construction of 12% of Mr. 16Harrington’s unpaid benefits, plus legal interest from the date of judicial demand. Attorney’s fees of $2,500.00 to the claimant were reasonably justified.
DECREE
For the above reasons, we affirm the hearing officer’s findings that Mr. Harrington sustained a work-related accident, and is entitled to compensation and medical benefits. We affirm the hearing officer’s award of penalties and attorney’s fees for the employer’s arbitrary and capricious behavior. Costs of this appeal are assessed to Coastal Construction and Engineering.
AFFIRMED.
AMY, J., concurs in the result.