685 So.2d 457 (1996)
Randall HARRINGTON, PlaintiffAppellant,
v.
COASTAL CONSTRUCTION & ENGINEERING, et al., DefendantAppellee.
No. 96-681.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
*458 Michael Benny Miller, Crowley, for Randall Harrington.
David Keith Johnson, Baton Rouge, for Coastal Construction & Engineering, et al.
Before YELVERTON, WOODARD and AMY, JJ.
WOODARD, Judge.
Plaintiff-employee appeals a judgment from the office of workers' compensation denying his motion for penalties and attorney fees against defendant-employer for violation of La.R.S. 23:1201(G). We reverse.

FACTS
Plaintiff, Randall Harrington (Harrington), was injured on April 21, 1993, while working for the defendant, Coastal Construction and Engineering (Coastal). A judgment of the Office of Workers' Compensation Administration found that Harrington had established a work-related accident which entitled him to benefits and all reasonable and necessary medical treatment to determine the nature and extent of his disability. The hearing office further found that Coastal's refusal to pay indemnity benefits was arbitrary and capricious, warranting the imposition of penalties and attorney fees. Coastal appealed that judgment, and this court, in Harrington v. Coastal Construction and Engineering, 94-1379 (La.App. 3 Cir. 4/5/95), 653 So.2d 779, [hereinafter Harrington I] affirmed that decision, awarding Harrington, inter *459 alia, all reasonable and necessary medical treatment.
Subsequent to that decision, on November 8, 1995, Harrington's treating physician, Dr. Michel E. Heard, recommended physical therapy. On November 10, 1995, Coastal denied the physical therapy recommended by Dr. Heard. On November 17, 1995, Harrington filed a motion and order for penalties and attorney fees based on Coastal's denial of the physical therapy. In a letter dated December 1, 1995, Coastal's insurer, the Louisiana Workers' Compensation Corporation, informed Harrington that it had scheduled a second medical opinion examination for Harrington with Dr. Gregory Gidman to take place on January 23, 1996. On February 9, 1996, a hearing was held by the Office of Workers' Compensation on Harrington's motion and order for penalties and attorney fees. Subsequently, on March 13, 1996, the workers' compensation hearing officer rendered a judgment, denying Harrington's motion for penalties and attorney fees. Harrington now appeals from that judgment.

ASSIGNMENT OF ERROR
Harrington claims that the hearing officer erred in failing to award penalties and attorney fees.

LAW
The question of liability for penalties and attorney fees in workers' compensation claims is a mixed question of law and fact. McMiller v. New Orleans Public Service, Inc., 367 So.2d 1354 (La.App. 4 Cir. 1979). When reviewing questions of fact, the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. The test to determine whether an employee's right to workers' compensation has been reasonably controverted turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter factual medical information presented by the employee. La.R.S. 23:1201; Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94), 643 So.2d 471, writ denied, 94-2736 (La.1/6/95), 648 So.2d 931. The issue in the present case is whether Coastal was arbitrary and capricious in denying Harrington the physical therapy recommended by Dr. Heard, and, if so, whether Harrington is entitled to penalties and attorney fees.
In Harrington I, this court held that once disability is established, the employer must then provide all necessary medical care and treatment. The employer or insurer is liable for statutory penalties for withholding benefits without evidence to reasonably controvert the employee's right to compensation and medical benefits. Id. Harrington's disability was established by this court in Harrington I, and he was awarded all reasonable and necessary medical treatment. Therefore, we must determine whether the physical therapy recommended by Dr. Heard was "reasonable and necessary," and whether Coastal withheld benefits without evidence to reasonably controvert Harrington's right to the physical therapy.

DENIAL OF MEDICAL TREATMENT
This court has held that an employer or insurer may avoid the imposition of penalties and attorney fees if it relies upon "competent medical advice" when deciding not to guarantee the payment of a recommended medical treatment. Dozier v. Garan's, Inc., 94-1363 (La.App. 3 Cir. 4/5/95), 653 So.2d 137; Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir.1991), writ denied, 593 So.2d 381 (La.1992). Put another way, the employer must rely on competent medical advice when the decision to deny the medical treatment is made.
In her written reasons for judgment, the hearing officer stated that:
[T]he employer's request for a "second medical opinion examination" demonstrates the employer's good faith effort to ascertain the exact nature of Harrington's medical condition. It would also ostensibly give the employer another opinion regarding the appropriateness of the recommended treatment.
This determination is erroneous because it looks to actions taken after the denial of treatment to support the denial of treatment. Medical treatment may only be denied based on competent medical advice. The request *460 for a second medical opinion examination was not made until 23 days after Harrington's request for physical therapy, and 16 days after his motion and order for penalties and attorney fees. Thus, the hearing officer was erroneous in utilizing post-denial actions to support a finding that Coastal was not arbitrary and capricious.
While it was error for the hearing officer to rely on post-denial actions to determine whether Coastal's denial was arbitrary and capricious, we must still determine whether, at the time of denial, Coastal relied on competent medical advice. In a letter dated November 10, 1995, and signed by a registered nurse, Harrington was informed that his request for physical therapy was denied based upon his "current medical status" and "the information obtained." In Dozier, this court held that simply producing a different opinion from a nurse and a doctor who had not examined the claimant did not, at that stage, reasonably controvert the claimant's entitlement to the disputed medical expenses. Dozier, 653 So.2d 137. Furthermore, this court found, in Ramsey v. Cash and Carry Foods, Inc., 95-544 (La.App. 3 Cir. 11/2/95), 664 So.2d 511, that a lone report of questionable basis does not constitute "competent medical advice." In the present case, Harrington's request for physical therapy was denied by a nurse who had not examined him, based upon information which is, at best, questionable. The denial letter does not state what the employer thought Harrington's "current medical status" to be, nor does it state what "information obtained" supported this decision. Based upon the jurisprudence established in Dozier and Ramsey, such evidence does not constitute "competent medical advice" sufficient to avoid the imposition of penalties and attorney fees. Therefore, the hearing officer was manifestly erroneous in determining that Coastal relied on sufficient competent medical advice when it denied the treatment.

PENALTIES AND ATTORNEY FEES
La.R.S. 23:1201(G) provides that:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
Section 1201 applies to post-judgment awards and awards penalties and attorney fees for awards which are not paid within thirty days. The award in Harrington I was for "all reasonable and necessary medical treatment." Harrington, 653 So.2d at 782. Therefore, Coastal is liable for penalties and attorney fees if it does not pay for reasonable and necessary medical treatment within thirty days of it becoming due. We have already determined that Coastal, at the time it denied treatment, had an insufficient basis for determining that the physical therapy requested was not reasonable and necessary. We must now determine whether the medical treatment requested had "become due." In her written reasons for judgment, the hearing officer stated:
With respect to Harrington's request for penalties of 24% due to the employer's alleged failure to comply with the final judgment awarding reasonable and necessary medical treatment, it is well settled that liability for medical expenses arises only as they are incurred. Terro v. WMCO Inc., and Hartford Accident and Indemnity Co., 619 So.2d 639 (La.App. 3 Cir.1993). See also, Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La. 1985). The prior judgment is not a blanket authorization for all future medical treatment which may be recommended, but requires a determination of the reasonableness and necessity of such treatment as incurred. When the employer sought *461 the opinion of the Insurer's Medical Director to determine the appropriateness of the recommended treatment, it was completely justified.
The hearing officer correctly states the general rule in workers' compensation jurisprudence that liability for medical expenses arises only as those expenses are incurred. The present case, however, is distinguishable from Terro. We are not confronted with a situation where the plaintiff is asking for a blanket authorization for all future medical treatment prior to authorization, or even recommendation of such treatment. Rather, he is seeking authorization for a specific medical treatment, physical therapy, which was recommended by his treating physician and for which, at the time, no competent medical advise existed to contraindicate it. Since we have already determined that this treatment was improperly denied, we must now determine whether Coastal's denial of treatment gives rise to a cause of action based on nonpayment of an award which is thirty days past due.
Under La.R.S. 23:1201(G) an employer is liable for penalties and attorney fees if it does not pay an award payable under a final, nonappealable judgment within thirty days. The award from Harrington I was for all reasonable and necessary medical treatment. According to Dr. Heard, physical therapy was reasonable and necessary. Coastal denied the treatment. Inherent in the denial of treatment is the refusal to pay for the treatment. Therefore, Coastal refused to pay an award payable under a final, nonappealable judgment within thirty days of it becoming due. It has already been determined that Coastal was arbitrary and capricious in its denial. An employer may not escape its statutory duty to pay awards due under a nonappealable judgment by refusing the treatment recommended, and then asserting that no medical expense was incurred. Therefore, the hearing officer committed manifest error in holding that Coastal was not liable for penalties and attorney fees under La.R.S. 23:1201(G).

CONCLUSION
For the above reasons, the judgment of the office of workers' compensation is reversed. Penalties are assessed against defendant in the amount of $3,000.00 and attorney fees are assessed against defendant in the amount of $5,000.00.
REVERSED.
AMY, J., concurs.