707 So.2d 1287 (1998)
Gay S. MARTIN
v.
ELMWOOD MEDICAL CENTER.
No. 97-CA-826.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Rehearing Denied March 17, 1998.
*1288 Kerry E. Shields, Gretna, for Plaintiff/Appellee Gay S. Martin.
Brian D. Roth, Deana D. Palmisano, Sessions & Fishman, New Orleans, for Defendant/Appellant Elmwood Medical Center.
Before BOWES, DUFRESNE and CANNELLA, JJ.
BOWES, Judge.
Plaintiff-appellee, Gay S. Martin, filed her first action on November 24, 1993 seeking compensation benefits for a work related injury sustained on December 3, 1992. At the trial on the merits, it was stipulated that plaintiff was employed by Elmwood (defendant and appellant herein), that her average weekly wage was $151.00 and that appropriate weekly compensation benefits would be $100.66.
After trial on the merits, the hearing officer found that plaintiff suffered a lower back injury of short term duration and he awarded indemnity and medical benefits from the date of the injury until February 19, 1993. The judgment of the workers compensation judge was affirmed by this Court on November 15, 1995. Martin v. Elmwood Medical Center, 95-415 (La.App. 5 Cir. 11/15/95), 665 So.2d 470. Elmwood did not appeal from that decision.
On July 8, 1996, Elmwood tendered a check in the amount of $4,402.38, which amount represented indemnity benefits and interest thereon, but no medical bills.
Plaintiff filed her second claim, the subject of this suit, on August 16, 1996, alleging that defendant failed pay the judgment on a timely basis. Elmwood filed an exception of res judicata, alleging that plaintiff had compromised her claim by negotiation of the check and release tendered by it. The trial judge denied the exception of res judicata.
After a hearing, on April 29, 1997, the trial court found that defendant failed to pay the judgment within 30 days as mandated by statute. The court assessed a penalty of $3,000.00 and attorney fees of $1,500.00 against defendant.
Elmwood appeals from this judgment of the trial court and presents four issues for review.

PENALTIES
Elmwood first alleges that the trial court's award of statutory penalties and attorney's fees, pursuant to La. R.S. 23:1201, was unjustified and unreasonable.
The applicable statute is the one in effect at the time of the injury. See Geason v. Harmony Const., 95-367 (La.App. 5 Cir. 11/15/95), 665 So.2d 485, n. 3. At the time of the injury, on December 3, 1992, La. R.S. 23:1201(F)[1] provided:

*1289 F. If any compensation payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control.
Elmwood argues that the nonpayment of the judgment resulted from conditions not within its control and, therefore, the trial court erred in awarding penalties and attorney fees. More specifically, Elmwood argues that plaintiff failed to provide receipts of her medical expenses (her visits to Behrman Chiropractic Clinic) and, therefore, Elmwood could not calculate medicals owed. This, alleges Elmwood, constituted a condition over which it had no control, and its failure to pay timely on the judgment is not subject to penalty.
Evidence introduced at trial, namely Elmwood's counsel's time sheet, reflects that Elmwood's counsel and plaintiff's counsel entered into a telephone conversation on December 14, 1995; however, the matter discussed during the conversation is not disclosed. Counsel for defendant testified that he asked plaintiff's counsel about the medical expenses during that conversation. There was no evidence of any contact between the two parties from December 14, 1995 until June 19, 1996, although counsel's time sheet reflects that he spoke with his client (Elmwood) on February 2, 1996.
It was stipulated at trial that counsel entered into discussions concerning settlement of the judgment on June 19, 1996, June 26, 1996, July 1, 1996 and July 2, 1996. On July 8, 1996, Elmwood tendered a check in the amount of $4,402.38, which amount represented indemnity benefits and interest thereon, plus the penalty and attorney fees awarded in the October judgment, but no medical bills. The right to collect medical benefits at a future time was specifically reserved in the release agreement accompanying the check. See Release, infra.
The trial court reviewed the evidence and found that,
The judgment was paid more than six months after it became final. The Court heard the conflicting testimony concerning the reasons for delay in payment of the judgment. The Court recognizes communications and correspondence between the parties in June of 1996. Nevertheless, defendant made no attempts to pay the judgment, deposit in the registry of the Court or communicate with claimant's counsel until the thirty day period had expired. The first attempt to resolve the matter was more than five months after the final judgment. This is in direct contravention of the statute. The testimony and evidence did not establish a reasonable basis or good cause as to why the judgment was not paid in accordance with the law.
A trial court's determination of whether an employer's actions in refusing to pay benefits were arbitrary and capricious is a factual question which will not be disturbed *1290 in the absence of manifest error. Garvin v. Perret, 95-217 (La.App. 5 Cir. 2/14/96), 670 So.2d 1250, writ denied, 96-0674 (La.5/10/96), 672 So.2d 922. We find that the issue of whether the employer had "good cause" to fail to timely pay on a judgment is also a factual question subject to the manifest error rule.
Correspondence in evidence indicates that the amount tendered was for unpaid indemnity benefits and legal interest, penalties and attorney fees for arbitrary and capricious refusal to pay benefits, which amounts were easily ascertainable from the date of judgment. While defendant contends that it could not have timely paid the judgment because the medical benefits were not ascertainable, we note that the payment ultimately made by defendant does not contain any medicals benefits, which are specifically reserved.
After our review of the record in this matter, we find that the trial judge was not manifestly erroneous in ruling that Elm wood did not have good cause to delay payment of the judgment of October 27, 1994 (affirmed by this Court on November 15, 1995), after it became final.
We note, however, that the amount of penalty assessed by the worker's compensation judge was in error, as the court mistakenly applied the wrong statute.
At the time of plaintiff's injury on December 3, 1992, the worker compensation statutes provided for a penalty of twenty-four percent of the judgment in the event of an employer's arbitrary and capricious failure to pay that judgmentand it did not provide for any attorney fees. La. R.S. 23:1201(F), as amended by Acts 1989, No. 24, supra. The subsequent amendment, which provided for a daily penalty of $100,00 and not to exceed $3,000.00 and which gave a claimant attorney fees was not enacted until after the plaintiff's accident in this case and, therefore, does not apply in this case. Twenty four percent of the judgment at issue is $1,056.57 ($4,402.38 times .24).
Accordingly, we are constrained to reduce the amount of penalties to that amount, and to reverse the award of $1,500.00 for attorney fees.

FINAL JUDGMENT
Elmwood next argues that the trial court erred by improperly holding that a final nonappealable judgment existed.
In this case, the judgment of October 27, 1994, affirmed by this Court on November 15, 1995, which is at issue, rules in part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claimant, Gay S. Martin, is entitled to receive temporary total disability benefits from December 3, 1992 to February 19, 1993 in the amount of One Hundred Dollars and Sixty-Six Cents ($100.66).
* * * * * *
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claimant, Gay S. Martin, is entitled to the payment of all outstanding medical bills that were incurred, medication expenses and transportation expenses through February 19, 1993.
* * * * * *
Appellant alleges that this is not a final, nonappealable judgment because the medical amounts were not set forth with specificity. Appellant also states that the judgment at issue does not provide for the amount of interest, if any, owed by appellant Elmwood Medical Center. Accordingly, argues appellant, this is not a final nonappealable judgment because the amount of the award is not known. We disagree.
La. C.C.P. art. 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment. [Emphasis supplied].
A final judgment is one that determines issues involved on the merits of the case, and it need not dispose of all the issues between the parties. La. C.C.P. art. 1841;
*1291 Wellmeyer v. Western Reserve Life Assur. Co. of Ohio, 94-937 (La.App. 5 Cir. 8/30/95), 663 So.2d 745; Long v. Alost, 93-1324 (La. App. 3 Cir. 5/4/94), 637 So.2d 167, writ denied, 94-1936 (La.10/28/94), 644 So.2d 377.
In this case, the judgment at issue disposes of the merits of the case, and defines exactly what worker compensation benefits are owed to plaintiff. The fact that the parties may have to make some calculations in order to determine the actual dollar amount does not change the judgment from a final judgment to an interlocutory one.
Finally, we note that this same judgment, which Elmwood now contends was a non-appealable, non-final judgment, was considered to be a final judgment by Elmwood, because it was appealed by Elmwood, and was affirmed by this Court. See Martin v. Elmwood Medical Center, supra.
Therefore, we find this allegation of error by the plaintiff to be without merit.

ACCORD AND SATISFACTION/COMPROMISE
Next Elmwood alleges that the doctrine of accord and satisfaction and/or estoppel prohibits plaintiff from now asserting this claim for statutory penalties and attorney fees.
The record reflects that, after negotiations, Elmwood tendered a check to plaintiff for $4,402.38 for payment of the judgment. With this payment, was a release, executed by plaintiff, which read in pertinent part:
I understand and agree that the above referenced payment is full and complete payment of the damages owed to me pursuant to the judgment rendered on October 27, 1994 in the suit entitled `Gay S. Martin v. Elmwood Medical Center,' bearing civil action no. 93-08985, except the above referenced amount does not include payment for certain medical expenses allegedly owed to Behrman Chiropractic Clinic. Specifically, medical expenses incurred by me for chiropractic treatments for the injuries complained of in the above referred suit rendered up to and through February 19, 1993. Elmwood Medical Center agrees that it will pay the above referenced medical expenses upon submission of proper proof by Behrman Chiropractic Clinic that the amounts are due and owing.
Shortly thereafter, plaintiff instituted this proceeding. Elmwood responded by filing an exception of res judicata, alleging that the release compromised the claim for penalties for failure to timely pay the judgment. The trial judge denied the exception, and found that the release was only applicable to the judgment of October 27, 1994.
Elmwood now alleges that the trial court erred in failing to find that plaintiff had compromised her claim for penalties.
The doctrine of accord and satisfaction is not based on Louisiana statutory law, however, our jurisprudence incorporates it as case law. An accord and satisfaction is an affirmative defense which is proven "when there is a disputed claim, a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check." Creative Marketing Sales, Inc. v. Rayborn, 615 So.2d 1107, 1108 (La.App. 5 Cir.1993); Spalitta v. Hartford Fire Ins. Co., 428 So.2d 824, 826 (La.App. 5 Cir.1983). A debtor must offer payment to a creditor in full satisfaction of a disputed claim, and the creditor must in turn accept this offer. Creative Marketing, Inc., supra. In cases where the applicability of the doctrine of accord and satisfaction is in doubt, it will not be applied. Orgeron v. Security Indus. Funeral Homes, Inc., 96-2127 (La.App. 4 Cir. 2/26/97), 690 So.2d 243; Reily Elec. Supply, Inc. v. Hollenberg, 535 So.2d 1321 (La.App. 5 Cir.1988), writ denied, 540 So.2d 331 (La. 1989).
The doctrine of accord and satisfaction is very much like the doctrine of compromise.[2]Orgeron, supra. The purpose of compromise is to prevent or put an end to *1292 litigation. The essential elements of a compromise are:
1. Mutual intention of putting an end to litigation; and
2. Reciprocal concessions of the parties in the adjustment of their differences.
Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356 (La.1987).
In this case, the release agreement clearly states that the amount tendered was in satisfaction of the judgment dated October 27, 1997, and not to compromise any further claim of plaintiff against Elmwood. In addition, evidence in the record in the form of correspondence between both counsel reflects that plaintiff clearly indicated that plaintiff did not intend to compromise her claim for penalties by her negotiation of the check and the release agreement. Finally, we note that Elmwood did not make any concession to plaintiff, as the amount tendered was the amount found to be owed to plaintiff by defendant in the judgment by the court.
Accordingly, we find that the trial court did not err in refusing to apply the doctrine of accord and satisfaction to plaintiff's clam for penalties.

CONSTITUTIONALITY
Finally it is argued that La. R.S. 23:1201 is unconstitutional. The record reflects that appellant raised the issue of the constitutionality of the statute in the worker's compensation court; however, the hearing officer did not rule on the constitutional challenge.
In the recent case of Albe v. Louisiana Workers' Compensation Corporation, 97-0014 c/w 97-0581 (La.10/21/97), 700 So.2d 824, the Louisiana Supreme Court held that "[T]he hearing officers lack subject matter jurisdiction to determine issues of constitutionality, and that original jurisdiction to determine the constitutionality of the statutes of the Worker's Compensation Act remains in the district courts."
There is nothing in the record before us to show that appellant has raised this claim in the district courts. It is well established that an attack on the constitutionality of a statute must be pleaded in the trial court and may not be asserted for the first time on appeal. Bellard v. Louisiana Correctional & Indus. School, 95-0157 (La.10/16/95), 661 So.2d 430; Facio v. Glaviano, 95-35 (La.App. 5 Cir. 6/28/95), 658 So.2d 33. In this connection we note specifically that Elmwood raised its allegations of unconstitutionality only in the worker's compensation court, which has no jurisdiction, and not in the district court, and procedurally this is the same as if appellant had raised this issue for the first time in this appeal. Accordingly, we will not address this issue.

CONCLUSION
For the above discussed reasons, the judgment of the trial court is amended to reduce the award of penalties to $1,056.57 and to delete the award of attorney fees, and as amended, is affirmed.
All costs are assessed against appellant, Elmwood Medical Center.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Acts 1989, No. 24, effective September 3, 1989.

La. R.S. 23:1201 was amended by Acts 1992, No. 1003, effective on January 1, 1993, to read:
F. If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount an amount equal to twenty-four percent thereof, or one hundred dollars per day, for each calender day after thirty days, it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided in by law or unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollar per calender day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
La. R.S. 23:1201 was again amended by Acts 1995, No. 1137, and Subsection F was redesignated as Subsection G. The statute now reads:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such an award an amount equal to twenty-four percent thereof or one hundred dollars per day, together with reasonable attorney fees, for each calender day after thirty days it remains unpaid, whichever it greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollars per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
[2] La. C.C. art. 3071 provides in part that:

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court....