734 So.2d 886 (1999)
Nelson L. McCOY, Sr.
v.
KMB TRANSPORT, INC.
No. 98 CA 1018.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
Rehearing Denied June 29, 1999.
*887 Lawrence D. Ward, Houma, Counsel for Plaintiff/Appellee Nelson McCoy, Sr.
Michael L. Hyman, Baton Rouge, Counsel for Defendant/ Appellant KMB Transport, Inc.
Before: CARTER, C.J., SHORTESS, J. and EDWARD A. de la HOUSSAYE, J. Pro Tem.[1]
EDWARD A. de la HOUSSAYE, Judge Pro Tem.
This is an appeal from a judgment awarding penalties and attorney fees, pursuant to LSA-R.S. 23:1201(G) for the late payment of an award in a prior consent judgment. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
On February 21, 1995, plaintiff, Nelson McCoy, Sr., was injured while in the course and scope of his employment with defendant, KMB Transport, Inc. On May 9, 1996, plaintiff, McCoy, filed a disputed claim with the Office of Workers' Compensation claiming that defendant had failed to pay the medical bills resulting from his injury. After discovery and pre-trial proceedings, the matter was set for trial, but prior to trial, plaintiff's medical bills were paid by the insurance, and all issues disputed became moot, except the amount of attorney fees to be awarded and any award for arbitrary and capricious failure to pay medical bills timely. Therefore, all parties agreed to settle the matter, and a consent judgment was entered.
The consent judgment, dated and signed on June 19, 1997, found in favor of plaintiff, ordered KMB to pay plaintiff's attorney, Lawrence D. Ward, Jr., $500.00 attorney *888 fees by June 30, 1997, declared that all issues before the court were moot, ordered the matter to be dismissed without prejudice and further decreed that the parties reserved any and all rights they may have to litigate this matter in the future. The consent judgment was not appealed and is now final.
Apparently, KMB failed to pay the amount ordered in the consent judgment. On December 4, 1997, plaintiff, through his counsel, Lawrence Ward, filed a rule to show cause why the consent judgment should not be enforced and why penalties and attorney fees should not be awarded, pursuant to LSA-R.S. 23:1201(G). At the hearing on the rule on January 8, 1998, KMB tendered the $500.00 as ordered in the consent judgment; however, the workers compensation judge ordered KMB to pay the $500.00 attorney fees pursuant to the consent judgment, and also ordered that KMB pay $3000.00 in penalties and an additional $500.00 in attorney fees for the cost of the enforcement proceedings. From this judgment, KMB appeals and contends that it does not owe the penalty and attorney fees for late payment of a judgment since LSA-R.S. 23:1201(G) was not in effect on the date of McCoy's accident.

DISCUSSION

FIRST ASSIGNMENT OF ERROR
In the appellant's first assignment of error, KMB contends that the trial court committed legal error by retroactively applying the amended version of the penalty statute at issue, LSA-R.S. 23:1201(G), rather than the version of the statute in effect on the date of the plaintiff's injury in February 1995. Thus, appellant's first assignment of error presents a question of law: whether the amended version of LSA-R.S. 23:1201(G) applies to KMB's untimely payment of the award of attorney fees, which award was granted by a consent judgment signed on June 19, 1997, nearly two years after the effective date of the amendment to LSA-R.S. 23:1201(G), where McCoy's injury was in February 1995, prior to the effective date of the amendment.[2]
By La. Acts 1995, No. 1137, § 1, the Legislature amended former LSA-R.S. 23:1201(F) and redesignated it as section 1201(G). Act 1137 of 1995 became effective on June 29, 1995. Prior to the 1995 amendment, Section 1201(F) provided:
If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days, it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
(emphasis added). The 1995 amendment redesignated Section 1201(F) as 1201(G), which now provides:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent *889 thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
(emphasis added). Thus, the 1995 amendment changed the words "any compensation and medical benefits" to "any award" and added a provision for attorney fees.[3]
If former section 1201(F) applies to this case, then no penalty may be assessed against KMB because the June 1997 judgment in favor of McCoy awarded neither "compensation" nor "medical benefits," as provided by section 1201(F). Additionally under former section 1201(F), no attorney fees could be assessed against KMB, for there was no provision for attorney fees, prior to the 1995 amendment, for failure to pay timely a judgment, and because as a general rule, attorney fees are not allowed in Louisiana except where authorized by statute or provided for by contract. Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 7 (La.7/1/97); 696 So.2d 1382, 1386.

THE APPLICABILITY OF ACTS 1995, NO. 1137
In numerous decision, the jurisprudence has held that in the area of workers' compensation the law in effect at the time of the plaintiff's injuries is the applicable law. Adams v. Cajun Disposal, Inc., 96-1304, p. 2 (La.App. 1st Cir.3/27/97); 691 So.2d 296, 297, writ denied, 97-1106 (La.6/20/97); 695 So.2d 1365; Strange v. Combustion Engineering, 94-0215, pp. 3-4 (La.App. 1st Cir.12/22/94); 649 So.2d 69, 70-71; Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La. 1992); Nelson v. Roadway Express, Inc., 588 So.2d 350, 353 (La.1991); Leon v. Crowell & Spencer Lumber Co., 151 La. 932, 933-934, 92 So. 389, 390 (1922). Although the recent cases cite this rule without explanation, the Louisiana Supreme Court explained the reasoning behind the rule in Leon, 151 La. at 933-934, 92 So. at 390, in deciding that a June 1918 amendment to the Workers' Compensation laws did not apply to plaintiff's action where plaintiff was injured in February 1918. The Court stated:
[Plaintiff] claims compensation under the Workmen's Compensation Act (Laws 1914, No. 20), as amended by Act 38 of 1918. This amendment can have no application to the case, since it was adopted after the accident had happenedto wit, in June, 1918. The obligation of the employer to make compensation results from the contract of employment. Manifestly, after this contract has come to an end, as a result of the accident which has incapacitated the workman from performing his part of it, the Legislature cannot change it so as to make it more onerous to the employer.... The Legislature may by an exercise of the police power read into the employment contract a provision for the protection of the workman; but it cannot, after the contract has terminated, increase the obligation of the employer, for to do so would be simply to take money from the pocket of one person and give it to anothera thing the Legislature is obviously without power to do.
*890 Leon, 151 La. at 933-934, 92 So. at 390. Thus, in as much as workers' compensation benefits arise from the contract of employment, the law in effect at the time of injury is applicable. Compensation benefits are awarded to make the injured party whole. Sharbono, 97-0110 at p. 5; 696 So.2d at 1386. Additionally, the obligation to pay compensation to an injured worker arises at the time of injury. Strange, 94-0215 at p. 5; 649 So.2d at 71.
Despite this long-standing jurisprudential rule that the law in effect at the time of injury applies in workers' compensation cases, we believe that the application of LSA-R.S. 23:1201(G) (as amended in 1995) is proper in this case. As discussed above, that rule is based upon the reasoning that an employee's claim for benefits arises out of his employment contract and arises at the time of his injury. However, LSA-R.S. 23:1201(G) applies to post-judgment awards and awards penalties and attorney fees for the failure to pay a final judgment within thirty days. Thus, the application of section 1201(G) concerns an employer's obligations which arise not because of the plaintiff's accident nor because of the plaintiff's prior employment with the employer but rather because of the employer's conduct after a final judgment. Thus, KMB's conduct that gives rise to the claim for penalties and attorney fees, in the instant case, is its untimely payment of the June 1997 award, and not plaintiff's injuries. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-0406, p. 11 (La.11/27/95); 664 So.2d 81, 87.
An award of attorney fees and penalties is distinguishable from compensation awards. Attorney fees are not "compensation" within the meaning of the workers' compensation statute. Sharbono, 97-0110 at pp. 5-6; 696 So.2d at 1386. First, unlike compensation payments, they are not awarded to make the injured party whole, but rather to discourage a particular activity on the part of the employer. Sharbono, 97-0110 at pp. 5-7; 696 So.2d at 1386. Secondly, the obligation to pay attorney fees does not arise at the time of plaintiff's injury, but rather its existence depends upon a judgment ordering a party to pay attorney fees. This obligation is not extant until the court finds that the actions of the employer merit an award of attorney fees against them. Sharbono, 97-0110 at p. 9; 696 So.2d at 1388. Thus, section 1201(G) is a rule intended to govern the employer's conduct after a final judgment; it is not a rule that governs the rights of the employee to compensation based on his injury.
In the present case, it is of no consequence that the plaintiff's injury predates the statute in question, section 1201(G), since both the June 1997 judgment as well as the conduct which exposes KMB to the liability for penalties and attorney fees occurred after the statute became law. Manuel, 95-0406 at p. 11; 664 So.2d at 87. Thus, applying section 1201(G) to plaintiff's enforcement action concerning his June 1997 judgment is not a retroactive application of that statute. Furthermore, application of section 1201(G) does not contravene the rule that the law in effect at the time of the accident governs workers' compensation claims because the conduct giving rise to plaintiff's claims for attorney fees and penalties in this case arose after a final judgment as to his compensation claim.
Although there are few cases on point, we recognize that there is a split in the circuits as to whether the penalty provision in LSA-R.S. 23:1201(G) should be applied to the untimely payment of a judgment which relates to injuries occurring prior to the effective date of the 1995 amendment. The Fifth Circuit Court of Appeal has held that former section 1201(F) (prior to the 1995 amendment) applies to an enforcement action where the plaintiff was injured prior to the 1995 amendment. Martin v. Elmwood Medical Center, 97-826, p. 7 (La.App. 5th Cir.1/27/98); 707 So.2d 1287, 1290. In Martin, the plaintiff was injured on December 3, 1992, and the workers' compensation *891 award was affirmed on appeal on November 15, 1995, and became final. Because the employer/defendant tendered only a portion of the award, plaintiff filed a second claim on August 16, 1996, based upon the defendant's failure to pay the judgment on a timely basis. Martin, 97-826, pp. 1-2; 707 So.2d at 1288.
Although the trial judge granted plaintiff penalties and attorney fees pursuant to LSA-R.S. 23:1201(G) (as amended in 1995), the Fifth Circuit reversed the award of attorney fees and reduced the penalties awarded, based upon the provision of former section 1201(F) (prior to the 1995 amendment). The Martin court stated:
At the time of plaintiff's injury on December 3, 1992, the worker compensation statutes provided for a penalty of twenty-four percent of the judgment in the event of an employer's arbitrary and capricious failure to pay that judgmentand it did not provide for any attorney fees. La. R.S. 23:1201(F), as amended by Acts 1989, No. 24.... The subsequent amendment, which provided for a daily penalty of $100.00 and not to exceed $3,000.00 and which gave claimant attorney fees was not enacted until after the plaintiff's accident in this case and, therefore, does not apply in this case.
(emphasis in original). Martin, 97-826 at p. 7; 707 So.2d at 1290.
In contrast to the Martin decision, the Third Circuit Court of Appeal has applied LSA-R.S. 23:1201(G) (as amended in 1995) to an action for penalties where the injury was sustained prior to the 1995 amendments. Harrington v. Coastal Construction & Engineering, 96-681, pp. 4-6 (La. App. 3rd Cir.12/11/96); 685 So.2d 457, 460-461, writ denied, 97-0109 (La.3/7/97); 689 So.2d 1375. In Harrington, the plaintiff was injured on April 21, 1993. On April 5, 1995, the Third Circuit affirmed a judgment awarding plaintiff benefits and all reasonable and necessary medical treatment to determine the nature and extent of plaintiff's disability, as well as penalties and attorney fees for defendant's arbitrary and capricious refusal to pay benefits. The award to plaintiff became a final judgment. Subsequently, on November 10, 1995, defendant denied medical treatment to plaintiff. Plaintiff then filed a claim for penalties and attorney fees pursuant to LSA-R .S. 23:1201(G). Harrington, 96-681 at pp. 1-2; 685 So.2d at 458-459.
Whereas the workers' compensation hearing officer denied the plaintiff's claim for penalties and attorney fees, the Third Circuit reversed that decision. While not addressing the issue directly, the Harrington court applied LSA-R.S. 23:1201(G) (as amended in 1995) to defendant's failure to pay an award under a final nonappealable judgment, even where plaintiff's injuries were sustained prior to the 1995 amendment. Harrington, 96-681, pp. 4-6; 685 So.2d at 460-461.
We choose to follow the rule implicitly adopted by the Third Circuit, and we hold that LSA-R.S. 23:1201(G), as amended by La. Acts 1995, No. 1137, § 1, effective June 29, 1995, applies to McCoy's action for penalties for KMB' failure to pay within thirty days the final nonappealable judgment rendered on June 1997, where McCoy's injury occurred prior to the 1995 amendment. Thus the trial court correctly applied section 1201(G) to this case in awarding penalties and attorney fees to plaintiff.
We are aware of the cases holding that the applicable amended version of the penalty provision of former LSA:R.S 23:1201(E) (prior to the 1992 and 1995 amendments) (providing for penalties for the untimely payments of benefits payable without an order) is the penalty provision in effect at the time of the accident. Elswick v. Highway Transport, 96-0014, pp. 7-11 (La.App. 1st Cir.9/27/96); 680 So.2d 1364, 1368-1370 (applying statute prior to 1995 amendment); Stutes v. Albertson's Inc., 97-581, pp. 7-8 (La.App. 3rd Cir.10/29/97); 702 So.2d 1096, 1101, writ denied, 97-2967 (La.2/6/98), 709 So.2d 740 *892 (applying statute prior to 1992 amendment) Maiden v. Crossroads of Louisiana, Inc., 95-1985, p. 7 (La.App. 4th Cir.7/24/96); 678 So.2d 75, 78-79, writ denied, 96-2145 (La.11/8/96); 683 So.2d 279 (applying statute prior to 1992 amendment); Broussard v. West-Cal Construction Co., 96-18, pp. 3-4 (La.App. 3rd Cir.6/12/96); 676 So.2d 743, 745 (applying statute prior to 1992 amendment). In as much as these cases consider the application of former LSA-R.S. 1201(E), which governs the untimely payment of benefits payable without an order, these cases are distinguishable from the present dispute. In the dispute concerning the application of section 1201(G) (as amended in 1995), the penalties in that statute are awarded for the non-payment of a final, nonappealable judgment. Therefore, appellant's first assignment of error is without merit.

SECOND AND THIRD ASSIGNMENTS OF ERROR
In appellant's second assignment of error, appellant contends that the trial court erred by awarding plaintiff, McCoy, penalties and attorney fees for late payment of the June 1997 judgment because, KMB argues, the June 1997 judgment did not require any payments be made to McCoy. KMB argues, essentially, that McCoy has no standing to bring a claim for penalties for late payment of the June 1997 judgment because the June 1997 judgment orders KMB to pay plaintiff's attorney, Lawrence D. Ward, Jr., $500.00 in attorney fees and, thus, McCoy is not a judgment creditor of the June 1997 judgment. We disagree.
The June 1997 judgment stated "[T]he court considering the law and evidence to be in favor of the plaintiff, Nelson McCoy, rendered the following judgment." That the judgment ordered KMB to pay the award to plaintiff's attorney does not diminish plaintiff's status as the judgment-creditor. Thus, the judgment was in favor of the plaintiff, McCoy.
Likewise, KMB's third assignment of error asserts that the trial court erred by awarding penalties and attorney fees for KMB's failure to pay the $500.00 to McCoy's attorney because, KMB argues, the June 1997 judgment ordered it to pay Lawrence D. Ward, Jr. Thus, KMB argues that the judgment improperly grants an award in favor of a non-party, and the judgment is not enforceable. Again, KMB is in error in contending that McCoy was not the judgment-creditor of the June 1997 judgment. As has been previously stated, the judgment was in favor of McCoy. That the trial judge ordered KMB to pay the $500.00 attorney fee award directly to Lawrence D. Ward, Jr. does not transform the judgment into a judgment in favor of plaintiff's attorney. Thus, we find that appellant's second and third assignments of error lack merit.

CONCLUSION
We find that the trial court correctly applied LSA-R.S. 23:1201(G), as amended by La. Acts 1995, No. 1137, § 1, to the present case, in assessing penalties and attorney fees for the defendant's conduct which occurred two years after the effective date of the statute, even though the plaintiff's injury occurred prior to the enactment of the penalty provision. For, the foregoing reasons, we affirm the judgment of the lower court, and the costs of this appeal are assessed against the appellant.
AFFIRMED.
SHORTESS, J., concurs.
SHORTESS, J., Concurring.
In Manuel v. Louisiana Sheriff's Risk Management Fund,[1] the supreme court directed us to look to the date the conduct occurs, not the date of injury, when applying Louisiana Revised Statute 22:1220, which provides penalties for the untimely payment of an insurance settlement. By analogy, we should look to the date of *893 defendant's conduct in applying Revised Statute 23:1201(G), which provides penalties for untimely payment of a workers' compensation award. The trial court correctly applied the version of Revised Statute 23:1201(G) after its 1995 amendment, which was effective almost two years before defendant's conduct exposed it to liability.
I respectfully concur.
NOTES
[1] Judge Edward A. de la Houssaye, III, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note that in its brief on appeal, appellee asserts that KMB could not raise the issue presented in this first assignment of error because KMB did not present that argument to the trial court. We disagree. In the transcript of the hearing on January 8, 1998 as to the motion for enforcement of the June 1997 judgment, counsel for KMB presented the argument that the penalty statute should not apply to the present case.
[3] This court in Singletary v. Asplundh Tree Expert Company, 96-0072, p. 2, n. 3, p. 5 (La.App. 1st Cir.9/27/96); 681 So.2d 70, 72, n. 3, 73-74, writ denied, 96-2581 (La.12/13/96); 692 So.2d 374, noted that although La. Acts 1995, No. 1137, § 1 redesignated "(F)" as "(G)", there was no change in the substance of that statute. We cannot reconcile that decision with the apparent substantive change in the provision for attorney fees.
[1] 95-0406, p. 11 (La.11/27/95), 664 So.2d 81, 87.