19.SOL GOTHARD, Judge.
Claimant is appealing from a decision of the Workers’ Compensation Judge of District 6 denying attorney fees and penalties for untimely payment of medical benefits. We affirm the decision of the trial court.
This suit arose from a work related accident which occurred on December 21, 1984. Plaintiff was standing on a platform when it gave way and he fell, causing injury to his back and neck, and causing major depression. Plaintiff has been unable to work, and has been paid medical and indemnity benefits since that time.
On November 4, 1998, K-Mart filed a Disputed Claim for Compensation, Form 1008, requesting review of “causation, medical, disability and credits/offsets under § 1223 and 1225.” Plaintiff filed an answer and reconventional demand, and attached his Disputed Claim for Compensation, Form 1008, requesting statutory penalties and attorney fees for past due prescription bills. That matter was heard by the Office of Workers’ Compensation on February 7, 2001.
|oOn March 21, 2001, the workers’ compensation judge rendered judgment finding, in part, that the plaintiff is permanently and totally disabled and that K-Mart is entitled to reduce/offset indemnity benefits with Social Security benefits, to be implemented 30 days after finality of judgment to allow Social Security to implement the reverse offset. The judge further denied plaintiffs request for attorney fees and penalties.
In this appeal, plaintiff alleges that the trial court erred in failing to award attorney fees and penalties for the employer’s failure to timely pay medical benefits, namely prescriptions and medical bills. Plaintiff further alleges that the Office of Social Security miscalculated the amount of social security offset.
Initially, we note that plaintiffs claim, arising out of an accident occurring in 1984, is governed by the 1983 amendments to the Louisiana workers’ compensation statutes. This court has held that “the applicable statute is the one in effect at the time of the injury.” Archbold v. Maxicare Health Plans, Inc., 98-531 (La.App. 5 Cir. 12/16/98), 722 So.2d 1200; Martin v. Elmwood Med. Ctr., 707 So.2d 1287 (La.App. 5 Cir. 1/27/98). At the time *895 of the employee’s injury, La. R.S. 23:1201 did not allow for the imposition of penalties for an employer’s failure to pay medical expenses. Accordingly, the trial court did not err in denying plaintiffs claim for penalties.
La. R.S. 23:1201.2 provided for reasonable attorney fees where the employer’s failure to pay was found to be “arbitrary, capricious and without reasonable cause.” Whether or not a refusal to pay benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known |4to the insurer at the time of its action. The trial court’s factual determination of what the defendants knew will not be disturbed on appeal absent manifest error. Scott v. Insurance Co. of North America, 485 So.2d 50 (La.1986); Fiffie v. Borden, Inc., 618 So.2d 1199 (La.App. 5 Cir.1993); unit denied, 624 So.2d 1235 (La.1993).
In this case, the workers’ compensation judge found that the employer’s failure to pay, within sixty days, plaintiffs pharmaceutical bills, the bill for an IME conducted at Tulane Medical Center, and the bill for treatment at the Gulf Coast Pain Clinic, was not arbitrary and capricious. The evidence at trial showed that the Tulane Medical Center bill was not timely paid because it was sent to plaintiff, and not to the employer. There is nothing to suggest that the bill was not paid when forwarded to defendant. With regard to the Gulf Coast Pain Clinic bill, the defendant introduced evidence to show that the bill was submitted without proper information. With regard to the pharmaceutical bills, evidence was introduced to show that K-Mart had paid over $15,700.00 for prescriptions prior to transfer to a mail prescription service. Under these facts, we cannot say that the trial court committed manifest error in denying attorney fees.
Finally, we note that plaintiff argues that the Social Security Administration miscalculated the offset applicable. However, there is no evidence in the record before us regarding these adjustments. Therefore, we cannot consider the merits of this claim.
For the following reasons, the decision of the workers’ compensation judge is affirmed.
AFFIRMED.